LINDLEY
v.
CRAVENS.

LINDLEY, Executor, *v.* CRAVENS, Administratrix.

*A.*, being the agent of a county, sold certain town lots belonging to the county to *B.*, and gave him a title-bond for the same. The bond was, by mistake and contrary to the intention of both parties, so drawn and executed as to appear obligatory on *A.* personally. *Held*, that the mistake could not be pleaded in bar to an action at law against *A.* on this bond.

*Held*, also, that after a judgment obtained against *A.* on the bond, he might, by a bill in chancery, have the judgment enjoined, and the mistake in the bond corrected; but that the county as well as *B.* must be made a party to the suit.

*Held*, also, that if a demurrer to a bill for want of proper parties be sustained, the bill should not be dismissed; but the cause be *ordered to stand over for* a reasonable time, with leave to amend the bill.

*Tuesday,
November 8.*

ERROR to the *Orange* Circuit Court.

BLACKFORD, J.—This is a bill in chancery by *William Lindley*, executor of *Jonathan Lindley*, deceased, against *Jane Cravens*, administratrix of *William Cravens*, deceased.

The bill states, that *Jonathan Lindley*, having been appointed agent of *Orange* county, sold, in his capacity of agent, at public vendue certain lots of ground, the property of the county, situate in *Paoli*, the seat of justice; that three of the lots were purchased by *John Austin*, for which the said *Jonathan*, in his capacity of agent, executed to the purchaser a title-bond, in substance as follows:—

"*I. Territory, Orange* county. Know all men by these presents that I, *Jonathan Lindley*, lawful agent for the town of *Paoli*, am held and firmly bound unto *John Austin*, in the penal sum of 157 dollars and 50 cents; to which payment I bind myself, my heirs, and every of them, to be made and done. Witness my hand and seal, *April* 9th, 1816. The condition of the above obligation is such, that if the above bounden *Jonathan Lindley* doth make a deed unto *John Austin* for lots Nos. 78, 21, and 28, in the town of *Paoli*, as soon as he can obtain a deed for the same. In failure thereof, the above obligation to stand in full force and virtue in law. The date above written.—*Jonathan Lindley*, (Seal.)"

The bill further charges, that the said *Jonathan*, by this bond, intended to bind himself as county agent and not personally; that he inserted by mistake therein the term heirs instead of

successors in office, and used the words agent for the town of *Paoli,* instead of agent for the county of *Orange.* It is also stated, that the consideration-money for these lots was paid by the purchaser to the said *Jonathan,* as agent of the county, and by the latter paid over to the county; that the said *Jonathan* personally never had any interest in the lots; and that it was the clear understanding of the parties at the time of the contract, that the said *Jonathan* was contracting as agent as aforesaid and not individually. It is further stated, that, some time after the execution of the bond, *Austin* received from the said *Jonathan,* as agent of the county, a deed for two of the said lots, and indorsed a receipt for it on the title-bond; that *Austin* afterwards assigned the bond, as to the third lot, to *William Cravens,* who has since died; and that *Jane Cravens,* the assignee's administratrix, has recovered a judgment on the said title-bond against *William Lindley,* executor of the said *Jonathan,* to be levied of the goods of the testator,—the Court having overruled the defendant's plea, which averred the *mistake* in the bond. It is also stated, that the circumstances attending the execution of the bond, and the intention with which it was executed, were well known to *William Cravens* at the time of the assignment. The bill prays an injunction of the judgment, and general relief.

To this bill, the defendant below demurred, and set out as causes of demurrer, 1st, that the bill contains no equity; 2dly, that the county of *Orange* should have been a defendant. The Circuit Court sustained the demurrer,—dissolved the injunction which had been granted in vacation,—and dismissed the bill.

The defendant in error contends, that the merits of the bill were decided in the action at law, and cannot be investigated again by a Court of chancery. She contends, also, that the county of *Orange* is interested, and should have been a party to the bill.

The statement of the bill is, that the bond was intended by the obligor and obligee to be an official bond, obligatory only on the county of *Orange;* but that, by *mistake,* the bond was drawn so as to appear to be binding on the obligor personally. The remedy of the complainant, under the circumstances which he states, can only be by procuring the alleged mistake

in the bond to be corrected. To effect this purpose, he is compelled to resort to a Court of chancery. The mistake in the bond could not be pleaded by the complainant, in the action at law brought against him on the bond; and the Court in which the plea to that effect was offered very correctly overruled it. The judgment at law, therefore, against the complainant, is no bar to this proceeding in chancery.

The second objection made to the suit in chancery is a good one. We have already observed, that the complainant's relief was by procuring the mistake in the bond to be corrected. If he can effect that object, he not only discharges the estate of *Jonathan Lindley* from the obligation, but he makes the county of *Orange* a party to it, and liable to comply with its condition. A Court of chancery, certainly, will not make such an alteration in this bond, without giving to the county an opportunity of showing, that the alteration ought not to be made. The complainant is mistaken in supposing, that the Court will relieve him, without going any further. If he obtain a decree, correcting the mistake in the bond and enjoining the judgment against him, the same decree must establish the liability of the county of *Orange* on the bond. The relief, therefore, claimed by the complainant, cannot be obtained by him, unless the county, which is to be so materially affected by the decree, be made a party to the suit. The bill, therefore, was not sufficient for the accomplishment of its object, on account of the want of proper parties. For this objection, however, the bill should not have been dismissed in the first instance. On sustaining the demurrer, the Court should have ordered the cause to stand over for a reasonable time, with leave to the complainant to amend his bill. 2 Madd. 142. The decree dismissing the bill must, therefore, be reversed, and time be given to amend.

*Per Curiam.*—The decree is reversed. Cause remanded, &c.

*Farnham*, for the plaintiff.
*Dewey*, for the defendant.