Blackford, J.
This was an action of debt against one Hamilton and the appellee, Gresham. The writ was returned served on Gresham, and not found as to Hamilton.
A declaration states that on the 25th of June, 1840, the plaintiffs recovered judgment against Hamilton for the sum of |84.18 debt, and $4.80'damages, before a certain justice of the peace, with costs; that a fieri facias issued on the judgment *and was returned “no property found:” that a capias ad satisfaciendum afterwards issued on the judgment, under which Hamilton was committed to jail and that Hamilton and Gresham executed their bond to the *486 plaintiffs in the penal sum of $176, conditioned that wher.eas Hamilton had, on the 9th of October, 1840, been arrested and committed to jail by virtue of the said capias ad satisfacien-dum issued on the said judgment, now if he should continue within the prison-limits, &c., the bond to be void. The declaration also states, that the judgment of the justice is erroneously recited in the condition of the bond as having been rendered on the 21st of June, 1840, when, in fact, it was rendered on the 25th of June, 1840, and as being for $84.18 with costs, when, in fact, it was for $84.18 debt and $4.80 damages, with costs. The following breach among others is assigned, to wit,, that Hamilton did not continue within the prison-limits, but, on the 15th of October, 1841, escaped therefrom, &c.
The defendant pleaded, inter alia, that, on the 13th of January, 1842, a statute was passed enacting that all persons then confined within any prison or prison-limits, &c., were thereby discharged.
General demurrer to this plea, and judgment for the defendant.
The plea is bad, because the escape, as alleged in the declaration, occurred before the passage of the statute relied on by the plea.
The judgment for the defendant, however, is right, on the ground that the declaration is insufficient on general demurrer. The declaration states the judgment of the justice to have been rendered on the 25th of June, 1840, and to be for $84.18 debt, and $4.80 damages, with costs. It also states that, according to the condition of the bond, the judgment was rendered on the 21st of June, 1840, and for $84.18 with costs. This is a fatal variance. The declaration attempts to avoid this objection, by averring the judgment to have been erroneously described in the condition of the bond, &c.; but such an averment is inadmissible, because, were it allowed, parol testimony must be admitted to prove it,' and thus the face of the condition of the bond would be contradicted by parol evidence, which the law does not permit. *487 If the averment be true, tbe mistake may be corrected by a Court of chancery. Lindley v. Crcavens, 2 Blackf., 426. In a late English case, the Yice Chancellor uses the following language : “ The rule at law, that evidence is not admissible to contradict or explain a written instrument, stated, simplieiter, is received in equity as well as at law. A Court of equity does, nevertheless, assume a jurisdiction to reform instruments, which, either by the fraud or mistake of the drawer, admit of a construction, inconsistent with the true agreememt of the parties. And, of necessity, in the exercise of this jurisdiction, a Court of equity receives evidence of the true agreement in contradiction of the written instrument.” Ball v. Storie, 1 Sim. & Stuart, 210.
A. L. Pobinson, for the appellants.
J. Pettit, for the appellee.
There is, to be sure, another course for the plaintiffs, if the condition of the bond be as they state it in the declaration. They may sue on the bond, describing the condition without noticing the mistake, and the defendants will be estopped from showing the judgment to be different' from that recited in the. condition. Love v. Kidwell, 4 Blackf., 553.
Per Curiam.—"The judgment is affirmed with costs. -