Nov. Term, 1846.

LOVEJOY
v.
BRIGHT.

---

LOVEJOY and Another *v.* BRIGHT.

An instrument of writing cannot be a valid replevin-bond and the foundation of an execution, unless it be sealed.

The variances arising from incorrect recitals in the condition of a delivery-bond, &c., cannot be avoided by *innuendoes* in the declaration in a suit on the bond, giving a different meaning to the recitals from what their language imports.

Wednesday, November 25.

ERROR to the *Decatur* Circuit Court.

DEWEY, J.—This was an action of debt by *Bright* against *Lovejoy* and *Rogers.* The declaration states that the plaintiff recovered a judgment in the *Decatur* Circuit Court against *Lovejoy* and one *Dragstrem* (describing it); that a *fieri facias* against *Lovejoy* and *Dragstrem* issued upon the judgment and was placed in the sheriff's hands. The execution is set out, and correctly recites the judgment. The declaration further states that, for the purpose of replevying the judgment, one *Watson* executed his written instrument, which the sheriff returned into the clerk's office with the execution. The writing is without a seal, and its condition recites a judgment varying from the one before mentioned in the sum recovered, and an execution different in amount from that which was alleged to be placed in the hands of the sheriff. It is then averred that a *fieri facias* against *Lovejoy, Dragstrem,* and *Watson,* which was issued upon the

judgment first mentioned and upon the writing executed by *Watson*, was placed in the hands of the sheriff; that the sheriff levied it upon certain property of *Lovejoy's;* that the defendants, *Lovejoy* and *Rogers*, executed their delivery-bond, payable to the plaintiff, whereupon the property was delivered to *Lovejoy*. The condition of the delivery-bond recites an execution, on which the property was taken, different from that which was alleged last to have been in the sheriff's hands, on which the property is previously alleged to have been taken. The breach of the delivery-bond assigned is, that *Lovejoy* did not deliver the property according to the condition. The variance between the first-mentioned judgment and execution, and those recited in the condition of the writing executed by *Watson*, and the variance between the execution which issued against *Lovejoy*, *Dragstrem*, and *Watson*, and the execution recited in the condition of the delivery-bond, are attempted to be explained by *innuendoes* that the recitals of certain sums meant other sums, and that the judgment meant another judgment.

The defendants pleaded three pleas, to one of which there was a demurrer, which was sustained. Replication to the other two pleas, and issues. Verdict for the plaintiff. Motion in arrest of judgment overruled, and judgment on the verdict.

It is unnecessary to state the plea which was adjudged bad on demurrer, because it is immaterial whether it is good or bad, as the declaration is substantially bad in two respects: First, the execution which is alleged to have issued against *Lovejoy*, *Dragstrem*, and *Watson*, on which the officer seized the property named in the delivery-bond was unauthorized and irregular. The statute which governs this case authorizes the officer holding an execution to take a replevin-bond for the stay of the execution, requires him to return the bond with the execution to the clerk's office, the clerk to record the bond, gives to the bond the force and effect of a judgment confessed against the obligor, and authorizes an execution to issue upon it. R. S. 1838, pp. 280, 281. The writing executed by *Watson* was not a bond: it had no seal, and was not a compliance with the statute. It could not therefore have the force and effect of a judgment, or sustain

Nov. Term, 1846.

an execution. The consequence is, that the plaintiff has failed to show any legal title to the delivery-bond for the property taken by the officer; he has in fact shown that the bond was given without any consideration. Secondly, the declaration is defective on account of. the variances before stated. They are material and fatal. The *innuendoes*, attempting to explain them by alleging that certain recitals in the instrument executed by *Watson*, and in the condition of the delivery-bond, mean what their language does not import, are unavailing. To allow them to prevail would lead. to the introduction of parol evidence to contradict the face of the written instruments to which they refer. This is clearly inadmissible. *Bowen et al.* v. *Gresham*, 6 Blackf. 452. The demurrer to the plea should have been decided in favour of the defendants, on account of the defects in the declaration; and the motion in arrest of judgment should have prevailed for the same reason.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. H. Dunn*, for the plaintiffs.

*J. Ryman* and *P. L. Spooner*, for the defendant.