ROGERS v. ABBOTT ET AL.

MISTAKE.—*Misdescription of Land.*—Where land has been sold, and the purchaser put into possession, and the purchase-money paid, but an erroneous description of the land has been carried through the bond for a deed into the deed itself, and perpetuated through subdivisions of the land, and resales, in all cases possession being given and the purchase-money paid, equity will grant relief and correct the misdescription upon proper proof. But when, during the transfers, a judicial sale intervenes, and the error is carried into the judgment, the advertisement, the appraisement, the sale, and the sheriff's deed, equity cannot give relief by ordering a correction of the description of a subdivision, at the suit of the purchaser at the sheriff's sale, or those claiming under him.

APPEAL from the Jefferson Circuit Court.

DOWNEY, J.—The facts alleged in the complaint in this case are as follows: That Comley, being the owner in fee simple of certain real estate, described in the complaint, and in the possession thereof, sold the same to Benjamin Abbott, and put him in possession thereof, giving him a title bond, and Abbott paid for the land; that by some mistake, the land was described in the bond as the south-west quarter of the south-east quarter, instead of the south-west quarter of the north-east quarter, of section thirty-four, township four, range eleven east; that this mistake was carried into the deed from Comley to Abbott; that said Abbott, before he had received his deed from Comley, sold ten acres of the land to one Danner, and gave him a title bond therefor, and put him in possession, and Danner fully paid Abbott for said ten acres. In describing the ten acres in the title bond to Danner, the same mistake was made as to the forty acre tract embracing the ten acres, as in the title bond and deed from Comley to Abbott. Danner, after having paid for the ten acres, assigned his title bond to one James Brown, and put him in possession; that after Comley had conveyed said land to Abbott, he, at the request of said James Brown, conveyed said ten acres to Mary Brown, the wife of said James Brown, by the same erroneous description; that at the time

of this conveyance, James Brown was in possession of the ten acres, but had not fully paid for the same, and had the deed therefor made to his wife to defraud his creditors; that Danner recovered a judgment against said James Brown for the balance of the purchase-money, and then, in connection with plaintiff, instituted a suit to subject the ten acres of land to the payment of Danner's judgment and the plaintiff's claim, and a judgment was rendered, setting aside the deed to Mrs. Brown, as fraudulent, and ordering the sale of the ten acres, but by the same erroneous description as in the bonds and deeds above mentioned; that Danner assigned his interest in the judgment to the plaintiff, who caused an execution to issue on the same, and said ten acres of land to be sold by the sheriff, and the same was purchased by and conveyed by the sheriff to Charles E. Walker, in trust for the plaintiff, and that said Walker afterward conveyed the same to the said plaintiff, who immediately entered into possession of the same, and continued in possession of the same until the 1st day of May, 1870, by his tenant, and afterward by a party to whom he contracted to sell the same; that the title bonds referred to were, at the date of making the deeds, surrendered up and destroyed; that while the plaintiff was so in possession of said ten acres of land, and claiming to own the same in fee simple, on the 28th day of May, 1866, said Abbott discovered said mistake, and to cheat and defraud the plaintiff out of said ten acres of land, without any consideration, induced said Comley to convey the said forty acres of land, intended to have been conveyed by him to said Abbott, to his son, Joseph Abbott, who resided near the land, and knew that the plaintiff had possession thereof; that said Benjamin Abbott, by quitclaim deed, also conveyed said forty acres of land, by its correct description, to said Joseph Abbott, while plaintiff was in possession thereof, and claiming to be the owner of said ten acres, part thereof; that said Joseph Abbott has secretly put the defendant Richardson in possession of said ten acres of land, and he still holds possession thereof. Prayer, that the title of plaintiff to the

ten acres be quieted, and that the defendants be enjoined from setting up claim thereto, and that he recover the possession thereof and one hundred dollars damages, and for other proper relief.

The defendants, Joseph Abbott and Richardson, the death of Benjamin Abbott having been suggested by the plaintiff, demurred to the complaint on the grounds of defect of parties defendants, and because the facts stated are not sufficient to constitute a cause of action. This demurrer, as to the first ground, was overruled, and as to the second, it was sustained, and the question reserved. This action of the court presents the question, and the only question for our consideration. It is quite evident that the facts alleged plead very strongly for the interposition of judicial authority in the correction of the mistake in the description of the land. Possession of the land intended, in every instance, was given to the party purchasing, and a full consideration was paid. The difficulty arises out of the facts that the judgment directing the sale of the ten acres of land, and the advertisement, appraisement, if any was made, and the sale and conveyance thereof by the sheriff each designated and described another piece or tract of land than that intended, and of which possession was taken. Such mistakes in the description of real estate between private persons, in bonds, mortgages, deeds, etc., are freely corrected by the courts. But when the sale is judicial, difficulties arise which at once cause a court to hesitate, seek for reasons, and search for precedents. The learned counsel for the appellant, who not only knows the law, but, what is almost equally important, knows where to find it, has not referred us to any authority for the position assumed by him.

If the mistake was in the deed only, perhaps it might be corrected in this way. *Johns* v. *DeRome*, 5 Blackf. 421. But if we should correct the deed, and attempt to vest in the plaintiff the title to the tract of land which he claims, we should give him land which was not ordered by the court to be sold, nor advertised by the sheriff, nor sold by him,

nor purchased by the plaintiff. The difficulty seems to us insurmountable, especially as to a correction of the description in the notice of sale given by the sheriff. A material misdescription of the land to be sold by the sheriff and a sale according to such misdescription render his sale invalid. Crocker Sheriffs, sec. 512. In *Mahan* v. *Reeve*, 6 Blackf. 215, a bill in chancery was filed to correct a mistake in describing the lands, in the notice, petition, and order of court for sale, in a proceeding in partition, which had resulted in a sale of the land by order of the court. The proceeding had been sustained in the inferior court. This court disposed of the case, on error, by remarking, "We think this decree is erroneous. No authority is cited, and we know of none, that shows a court of chancery to have jurisdiction in a case like that described in the bill." See *Davis* v. *Cox*, 6 Ind. 481. If the plaintiff has any remedy, and we do not say that he has not, it must be by means of a proceeding different from this.

The judgment is affirmed, with costs.

*C. E. Walker,* for appellant.

*J. R. Cravens,* for appellees.