## MILLER v. KOLB.

MISTAKE.—*Mortgage, Correction of.*—Where a mortgage misdescribes the prop-
erty intended to be mortgaged, the mistake may be corrected by a proper pro-
ceeding before foreclosure, or in an action to foreclose; but when the mistake
has been carried into the decree of foreclosure, the execution, advertisement, and
sheriff's deed, the purchaser at the sheriff's sale cannot maintain an action to
correct the mortgage and decree, the subsequent proceedings, and the deed,
although the sheriff at the sale may have pointed out, as the property he was
selling, the property that ought to have been described in the mortgage.
The authority of the sheriff to sell is limited to the property actually described
in the decree and order of sale.

From the Gibson Common Pleas.

*R. M. J. Miller* and *O. M. Welborn*, for appellant.

*J. Baker*, for appellee.

DOWNEY, J.—The only question presented in this case is
as to the sufficiency of the complaint, a demurrer to which,
on the ground that it did not state facts sufficient to consti-
tute a cause of action, was sustained by the common pleas.

The material facts are, that Kolb was the owner of part of
lot number forty-six, on the original plat of the town of
Princeton, and was in possession of the same. On the 8th
day of February, 1868, he executed a mortgage thereof to
John H. French, to secure a debt which he owed to French.
On the 29th day of April, 1869, Kolb executed another
mortgage of the same property to Andrew McCarty, to
indemnify him as his replevin bail. It is alleged that in each
instance Kolb intended to mortgage the part of said lot
described as follows : Beginning at a stake on the south line
of the lot, which point is seventy-four feet and three inches
from the south-west corner of the lot, and running thence
west on the south line twenty feet, thence north forty-three
feet, thence east twenty feet, and thence south forty feet to
the place of beginning ; but by mistake mortgaged the part
thereof described as follows : Beginning on the south line
of said lot, at a point seventy-four feet and three inches from
the south-west corner of the lot, it being the south corner

Miller *v.* Kolb.

of the building now owned by D. Stoll, and running thence east twenty feet to the south-east corner of said building, thence north forty-three feet, thence west twenty feet, thence south forty-three feet to the beginning. McCarty, having had the first named mortgage assigned to him, filed his complaint in the Gibson Common Pleas to foreclose the two mortgages, obtained judgment therefor, sold the property to the plaintiff on the execution, and the same was conveyed to him by the incorrect description contained in the mortgages.

It is alleged in the complaint, "that the sheriff sold the real estate intended to have been mortgaged; that the plaintiff purchased in the *bona fide* belief that the real estate was properly described in the mortgage," etc., "the sheriff at the time of offering said premises pointing out the true real estate as being the real estate which he was about to sell; all of which more fully appears by said order of sale, and sheriff's return," etc.

It is fully conceded, however, that the erroneous description contained in the mortgage was carried into the judgment, order of sale issued to the sheriff, the advertisement, and sheriff's deed. It is also alleged, that the defendant refuses to correct the mistake so made.

The plaintiff asks that the mortgages, proceedings, and decree of foreclosure, and the sheriff's deed may be reformed, so that the mistake may be corrected; that a commissioner may be appointed to execute to the plaintiff a good and sufficient deed of conveyance, properly describing the premises; that the defendant, and all persons claiming under him, be perpetually enjoined from setting up any claim to said property, and for other proper relief. A copy of the mortgages, judgment, order of sale, return, and deed, is made part of the record.

That the mistake in the mortgages might have been corrected in an action brought for that purpose, prior to the action for its foreclosure, we have no doubt; and there is no doubt that, under the code, the mistake in the mortgage

might have been corrected in the same action in which its foreclosure was sought. It is expressly provided by the statute, that when the plaintiff desires to recover the possession of title papers, or other instruments of writing, or correct any mistake therein, a separate action may be brought therefor; or the possession of such title papers, or other instruments of writing, may be recovered; or mistakes corrected in any other action, when such recovery or correction would be essential to a complete remedy. 2 G. & H. 98, sec. 71. But the case under consideration is clearly not one to which this rule of law can be applied. Here there was no action to correct the mistake in the mortgage before it was foreclosed; nor was any correction of it sought in the action brought for its foreclosure. But the purchaser at the sheriff's sale asks for a correction of the mistake in the mortgages, in the judgment of foreclosure, in the order of sale issued thereon, in the advertisements of the land for sale, in the officer's return, and in the deed; that we shall make them apply to another piece of land than that mentioned and described in them, and, in effect, vest in him the title to a tract or piece of land which was not mortgaged, not directed to be sold, not advertised, not in fact sold, and never conveyed to him.

The allegation in the complaint, that the sheriff pointed out the correct piece of land as being that which he was about to sell, etc., cannot alter the case. The sheriff was commanded to sell a designated piece of real estate. It was definitely described in the order of sale, and the writ gave him no authority to sell any other piece of property, and he had advertised no other property for sale. These difficulties suggested themselves to us in the case of *Rogers* v. *Abbott*, 37 Ind. 138, and drove us to hold, according to the abstract of the opinion, that where land has been sold, and the purchaser put into possession, and the purchase-money paid, but an erroneous description of the land has been carried through the bond for a deed into the deed itself, and perpetuated through subdivisions of the land and resales, in all

cases possession being given and the purchase-money paid, equity will grant relief and correct the misdescription upon proper proof. But when, during the transfer, a judicial sale intervenes, and the error is carried into the judgment, the order of sale or execution, the advertisement, the appraisement, the sale, and the sheriff's deed, equity cannot give relief by ordering a correction of the description of a subdivision at the suit of the purchaser at the sheriff's sale, or those claiming under him.

Counsel for appellant refer us to *Lindley* v. *Cravens*, 2 Blackf. 426, as an authority in favor of the sufficiency of the complaint, but it is clearly not an authority on this point. There had been no judicial sale of property in that case. It was there held, that a mistake in a bond on which the action was brought could not be corrected by setting it up in an action at law; but that it might be corrected in equity after judgment thereon at law, the proper parties being brought before the court.

Following the ruling in the case in 37 Ind., we must hold, that there was no error in sustaining the demurrer to the complaint. If the appellant has any remedy, it must be sought in some other form than that to which he has resorted in this case.

The judgment is affirmed, with costs.