### ANGLE *v.* SPEER ET AL.

MORTGAGE.—*Mistake.—When will not be relieved Against.—Sheriff's Sale.*— Where, in the execution of a mortgage, a mistake is made in the description of the land intended to be mortgaged, and such mortgage is afterward foreclosed and such mistake carried into the decree, order of sale, proceedings of the sheriff, his certificate, and the deed executed by such sheriff to the assignee of such certificate, the latter is not entitled to have such mistake corrected as against persons who claim under an intermediate deed and mortgage executed by the same mortgagor.

From the Decatur Circuit Court.

*B. W. Willson,* for appellant.

*J. D. Miller, S. A. Bonner* and *J. L. Bracken,* for appellees.

HOWK, J.—This was a suit by the appellant, as plaintiff, against the appellees, as defendants, in a complaint of two paragraphs. As the only errors assigned by the appellant in this court call in question the sufficiency of the facts stated in each paragraph of the complaint to constitute a cause of action against the appellees John W. Anderson, Euphemia Hamilton, William M. Hamilton, William A. Donnell and Jane Donnell, and each of them, upon their demurrers thereto for the want of sufficient facts, we find it necessary to a proper understanding of the questions considered and decided, that we should give a summary, at least, of the matters alleged in each paragraph.

In the first paragraph of his complaint, the appellant alleged, in substance, that on the 31st day of December, 1858, the appellee Joseph Speer was the owner of the following described real estate, to wit: Thirty-one acres off of the north end of the east half of the north-east quarter of section eight, and thirty-one acres off of the north end of the west half of the north-west quarter of section nine, all in town eleven, range eleven, in Decatur county, Indiana; that, being such owner of said real estate, said Joseph Speer borrowed of the appellee John S. Ross the sum of six hundred dollars, and executed his note therefor, dated December 7th, 1858, and payable twelve months after the date thereof to the order of said Ross; that to procure the loan of said sum of money from the said Ross, and to secure him in the repayment thereof, the said Joseph Speer and Ann Speer, his wife, in consideration of said loan, proposed to execute to said Ross a mortgage on said real estate; that, accordingly, the said Joseph and Ann Speer did execute to said John S. Ross a mortgage, to secure the payment of the said note, so given for the loan of said sum of money, copies of which note and mortgage were filed with the complaint as parts thereof; that, in the execution of said mortgage, a mistake was made in the description of the said real estate intended by the parties thereto to be mortgaged, so that, instead of the above correct description, the following incorrect description was made, to wit: Sixty-two acres off of the north side of the north-east quarter of section eight, town eleven, range eleven, in said Decatur county; and that the said John S. Ross, not knowing of said misdescription, accepted said mortgage, loaned the said sum of money, and caused the mortgage to be recorded. The appellant further averred, that on the 12th day of May, 1865, the said Speer executed to Luther A. Donnell a mortgage on the east half of the north-east quarter of said

section eight, which was duly recorded in the recorder's office of said Decatur county, to secure certain judgments therein mentioned, which mortgage was duly foreclosed, and said real estate sold and purchased by Jane and William A. Donnell and Euphemia Hamilton, the widow and heirs of said Luther A. Donnell, who had died after the execution of the mortgage to him; that on the 31st day of January, 1867, the said Joseph and Ann Speer executed and delivered to said Luther A. Donnell and one John S. Anderson a deed conveying to them, by quitclaim, certain real estate particularly described, in said sections 8 and 9, containing 62.37 acres, which deed was duly recorded, and a copy thereof set out in said complaint. And the appellant further averred, that at the August term, 1869, of the Court of Common Pleas of said Decatur county, the said John S. Ross foreclosed his said mortgage, and thereby carried forward into the decree and judgment the same misdescription of the mortgaged premises, and recovered judgment against said Joseph Speer for the sum of $1,-034.67; that on the 31st day of May, 1870, an order of sale was issued on said foreclosure and judgment, under which, on the 2d day of July, 1870, the said real estate was sold, by the same misdescription, to said John S. Ross, for the sum of $800.00, which was more than the full value of the real estate intended to have been sold; that a certificate of such sale was issued by the sheriff of said county to said John S. Ross, which certificate the said Ross, on the 24th day of February, 1872, for value received, sold and assigned to the appellant, a copy of which certificate and of the assignment thereof was made part of the complaint; that the appellant had no knowledge of said misdescription, but, on the contrary, believed that by said certificate he would be able to perfect title to said real estate in himself, and that he paid said Ross, for the assignment of said certificate, the sum of ——— dollars, which was the full

value of said real estate; and that afterward, on the 14th day of March, 1873, the sheriff of said county executed to the appellant a deed, in pursuance of said certificate and of said assignment thereof, a copy of which deed was filed with and made part of said complaint.

And the appellant further averred, that on the 31st day of January, 1867, the said Joseph and Ann Speer, as before alleged, at the request of said Luther A. Donnell and John S. Anderson, executed to them a deed of said real estate; that said grantors (grantees?), at that time and before, knew of said misdescription, and procured the making of said deed, for the purpose of defeating the lien intended to have been created on so much of said real estate as was situated in said section nine; and that, since the execution of said deed to said Luther A. Donnell and John S. Anderson, both said grantees had died, the said Donnell leaving as his heirs the appellees William A. Donnell and Euphemia Hamilton, intermarried with Wm. M. Hamilton, and the said Anderson leaving the appellee John W. Anderson as his sole heir. Wherefore the appellant prayed that he might be subrogated to all the rights of said John S. Ross, and that the decree and judgment in his favor might enure to the appellant's benefit; that the said mistake might be corrected and that the said judgment and foreclosure might be reformed, to the end that the real estate first described, and which was intended to be covered by said mortgage to said Ross, might be subjected to sale for the payment of the claim of said Ross, so assigned to the appellant, and that all the appellees might be perpetually enjoined from all interference with said real estate, and that the title be granted to the appellant.

The allegations of the second paragraph are substantially the same as those of the first paragraph of the complaint.

The question presented for our decision, in this case,

may be stated thus: Has the appellant, in either paragraph of his complaint, stated a case which would entitle him, as against the appellees, to the correction of the alleged mistake in the mortgage from Speer and wife to John S. Ross, in the judgment and decree of the Decatur Court of Common Pleas foreclosing said mortgage, in the order of sale issued on said judgment to the sheriff of Decatur county, in the proceedings of said sheriff, under said order of sale, in the advertisement and sale of the mortgaged premises, in the certificate of sale issued by said sheriff to said John S. Ross, and in the sheriff's deed to the appellant, in pursuance of said certificate and the said assignment thereof? It seems to us that this question must be answered in the negative. Indeed, under the decisions of this court, the question can hardly be regarded now as an open one in this State. The case of *Rogers* v. *Abbott*, 37 Ind. 138, was very similar, in the facts alleged and in the relief sought, to the case at bar. In the case cited it was said: "It is quite evident that the facts alleged plead very strongly for the interposition of judicial authority in the correction of the mistake in the description of the land. * * * * The difficulty arises out of the facts that the judgment directing the sale of the ten acres of land, and the advertisement, appraisement, if any was made, and the sale and conveyance thereof by the sheriff each designated and described another piece or tract of land than that intended, and of which possession was taken. * * * * If the mistake was in the deed only, perhaps it might be corrected in this way. *Johns* v. *De Rome*, 5 Blackf. 421. But if we should correct the deed, and attempt to vest in the plaintiff the title to the tract of land which he claims, we should give him land which was not ordered by the court to be sold, nor advertised by the sheriff, nor sold by him, nor purchased by the plaintiff."

To the same effect was the decision of this court in the case of *Miller* v. *Kolb*, 47 Ind. 220; in which case it was held that "when, during the transfer, a judicial sale intervenes, and the error" (in description) "is carried into the judgment, the order of sale or execution, the advertisement, the appraisement, the sale, and the sheriff's deed, equity cannot give relief by ordering a correction of the description of a subdivision at the suit of the purchaser at the sheriff's sale, or those claiming under him."

In the case of *The First National Bank of Centreville* v. *Gough*, 61 Ind. 147, it appeared that the appellee Charles T. Gough had been the owner of 94 acres of land in the south-east quarter of section 21, township 16 north, of range 12 east, which was known as the "Home Farm;" that, being such owner, the said Gough and his wife had mortgaged the said land by an imperfect description, to the appellant, to secure a certain note; that, after the execution and record of said mortgage, the said Gough made an assignment of said real estate, with his other property, to certain named persons, for the benefit of his creditors; and that, after such assignment, the appellant had foreclosed its said mortgage, without having the same reformed and the mistake therein corrected, and without making the assignees of said Gough parties defendants to the action. After such judgment of foreclosure, the appellant brought an action against the mortgagors and said assignees, to obtain a reformation of the mortgage and judgment, and the correction of the mistake therein, alleging in its complaint, that the misdescription of the mortgaged premises occurred through "the inadvertence and mistake of the parties, and of the scrivener who drew the mortgage." On demurrer to this complaint, it was held by this court, that the alleged mistake was the result of negligence on the part of the mortgagee, and that, "To entitle a party to relief * on the ground of mistake, in a case

free from fraud, the mistake must be: 1. As to a material fact, constituting the very essence and condition of the contract. 2. The mistake must be of a fact of such a nature, that the party could not by reasonable diligence get knowledge of it, when put upon inquiry. 1 Story Eq. Juris., sec. 146." *Taylor* v. *Fleet*, 4 Barb. 95.

It seems to us, that the doctrine of the cases cited herein from our own Reports is decisive of all the questions in the case now before us, adversely to the appellant. The court committed no error, in our opinion, in sustaining the appellees' demurrers to either paragraph of the appellant's complaint.

The judgment is affirmed, at the appellant's costs