| 75  | 443 |
| --- | --- |
| 124 | 354 |
| 127 | 573 |
| 75  | 443 |
| 128 | 64  |
| 75  | 443 |
| 141 | 413 |

No. 8072.

## CONYERS *v.* MERICLES ET AL.

PARTITION.—*Mortgage.—Reformation and Foreclosure.*—In a proceeding for partition. a mortgagee defendant may by counter-claim procure the reformation of his mortgage and a foreclosure.

SAME.—*Answer of Judgment on Note no Defence.*—In such case, an answer that a judgment on the note secured by the mortgage is in full force constitutes no defence, to bar foreclosure.

SAME.—*Incorrect Description of Lands Intended to be Mortgaged.*—When an incorrect description of lands intended to be mortgaged is carried into the judgment, order of sale, notice and sheriff's deed, such proceedings can not be corrected, either at the instance of the mortgagee or the purchaser at such sale.

SAME.—*Correction by Reforming and Foreclosing Mortgage.*—Such mistake may be corrected by reforming the mortgage and foreclosing it as reformed. *Rogers* v. *Abbott,* 37 Ind. 138; *Miller* v. *Kolb,* 47 Ind. 220; and *Angle* v. *Speer,* 66 Ind. 488, distinguished.

MORTGAGE.—*Mutual Mistake.—Merger.— Res Adjudicata.—Judgment not a Bar.*—Where a mortgage, by mutual mistake, contained an erroneous description of the land intended to be mortgaged, and the subsequent proceedings, including the sheriff's deed, contained the same mistake, the mortgage was not thereby so merged in the judgment as to make the question of description one of *res adjudicata;* but the mortgage may be foreclosed notwithstanding such judgment.

SAME.—*Proceeding Nugatory.*—In such case, the whole proceeding is infected by the original mistake, and is baseless, unsubstantial and nugatory, and is no obstacle to the reformation and foreclosure of the mortgage.

PRACTICE.—*Pleading.*—*Bad Paragraph of Answer.*—*Overruling Demurrer Substantial Error.*—*Judgment Must Appear to be not on Bad Paragraph.*— Overruling a demurrer to a bad paragraph of answer adjudges that proof of the facts is sufficient to bar the action, and is substantial error, when it does not affirmatively appear that the judgment was not rendered on the paragraph in question.

From the Decatur Circuit Court.

*G. Durbin*, *C. Ewing* and *J. K. Ewing*, for appellant.
*J. D. Miller*, *F. E. Gavin*, *J. S. Scobey* and *A. H. Fisher*, for appellees.

BEST, C.—The appellee Anthony W. Mericles brought this suit against his co-appellees Nancy Mericles, John A. Maddux, Amos Rodgers, James W. Rodgers, James W. Anderson, William Pruitt and the appellant, for the partition of a tract of land, alleging in his complaint that he owned the three-eighths, his wife Nancy one-fourth, John A. Maddux one-fourth, Amos Rodgers one-eighth, and that James W. Rodgers claimed an interest in the land. He further averred that the appellant had sold the interest of Maddux to him, and, in conveying it to him, had made him a deed which purported to convey him three-fourths of the land; that Maddux, to secure the payment of the purchase-money, had executed to appellant a mortgage upon two-thirds of the land, and had subsequently executed mortgages to Pruitt and Anderson upon the whole of the premises, all of which were duly recorded; that each claimed that his mortgage was a lien upon the land embraced in it, and each was made a party to limit his lien to the interest of Maddux. It was further averred that the land was indivisible, and the appointment of a commissioner to sell it was prayed.

The appellant appeared, filed a counter-claim, in which he alleged, in substance, that the appellees Anthony W. and Nancy Mericles, his wife, on the 26th of April, 1863, executed to one William Yost a mortgage upon the undivided one-half of said land, to secure the payment of a note of

$400 of even date, due one year thereafter; that Yost afterward endorsed the note, which is due and remains unpaid, to the appellant; that, in writing the mortgage, the word "eight," by the mutual mistake of the parties, was written instead of the word "nine," after the words "range No.," so that the land was described as in range "eight," when it was, in fact, in range "nine," and was intended to be so described. Prayer for a reformation of the mortgage, and, when reformed, that it be paid out of one-half of the proceeds arising from the sale of the land.

Anthony W. and Nancy Mericles each filed an answer of three paragraphs to this counter-claim. The first paragraph of each was a general denial, which were subsequently withdrawn. A demurrer was sustained to the second paragraph of the answer of Nancy, and a demurrer, for want of sufficient facts, was overruled to the second and third paragraphs of the answer of Anthony W., and to the third paragraph of the answer of Nancy. An exception was reserved to these rulings, and the appellant, declining to further plead, the cause was submitted to the court for trial, and final judgment was rendered for the appellees. From this judgment the appellant appeals, and assigns as error the order of the court in overruling the demurrer to each paragraph of the answers.

The second paragraph of the answer of Anthony W. Mericles averred, in substance, that, after the note mentioned in appellant's counter-claim had been endorsed to appellant, he, on the 2d day of March, 1865, recovered a judgment on said note, in the common pleas court of Decatur county, for $420.20 and costs of suit, against the plaintiff, Anthony, and that such judgment was duly rendered, and was never reversed or set aside.

This answer constituted no defence, and the demurrer should have been sustained to it. The appellant, by his counter-claim, sought to foreclose his mortgage, and it is

well settled that the recovery of a judgment upon a note secured by a mortgage is no bar to an action to foreclose the mortgage. *O'Leary* v. *Snediker*, 16 Ind. 404; *Jenkinson* v. *Ewing*, 17 Ind. 505.

The appellees insist that, as proof of the facts averred in this paragraph was admissible under the third paragraph of the answer, no error was committed in overruling the demurrer. This is the rule when a demurrer is sustained to a good paragraph of an answer, and there is another under which proof of the facts is admissible, but it is not the rule when a demurrer is overruled to a bad paragraph, as the ruling upon the demurrer adjudges that proof of the facts averred is sufficient to bar the action. *Over* v. *Shannon*, *ante*, p. 352. It does not appear that the judgment was not rendered upon the paragraph in question, and therefore we can not say that the appellant was not injured by the ruling. *Kimble* v. *Christie*, 55 Ind. 140.

The third paragraphs of the answers were alike, and in each it was averred, in substance, that on the 24th of January, 1865, the appellant instituted an action in the common pleas court of Decatur county against the appellees Anthony W. and Nancy Mericles, to foreclose the mortgage declared upon in the counter-claim, and on the 2d day of March, 1865, obtained a judgment foreclosing the mortgage by the description contained therein; that afterward, upon an order of sale, the land was sold by the sheriff, purchased by the appellant, and, after the expiration of a year from the sale, the appellant received a sheriff's deed therefor; that the description contained in the mortgage was carried into the judgment, the order of sale, the advertisement and the sheriff's deed, and concludes by insisting that the appellant "is estopped to claim that the description of the premises in the mortgage is erroneous."

These paragraphs are affirmative in their character. They admit, as we construe them, that there was a mistake in the

description of the premises intended to be embraced in the mortgage, and that the sum secured thereby is unpaid, but attempt to escape liability thereon by alleging that the mortgage has already been foreclosed. In support of these paragraphs, it is insisted that the foreclosure of the mortgage by such erroneous description merges the mortgage in the judgment, and precludes the appellant from reforming the mortgage and foreclosing it as reformed. It is also suggested that, for aught that appears in the record, the appellees may have owned the land actually described in the mortgage ; and appellant may have acquired title to, and be in possession of, it under his purchase. This may be true, but the court can not infer such facts for the purpose of aiding the pleading. It was incumbent upon the appellees to have alleged the existence of these facts. Had such paragraphs contained such averments, they would not only have shown a merger of the mortgage, but a satisfaction of the debt. As they did not, all that was shown was a merger of the mortgage, and the question arises whether such merger prevents the appellant from reforming his mortgage and foreclosing it as reformed? The appellees insist that it does, and the cases of *Rogers* v. *Abbott*, 37 Ind. 138, *Miller* v. *Kolb*, 47 Ind. 220, and *Angle* v. *Speer*, 66 Ind. 488, are relied upon to support them. We do not think the cases decide the question. In the case of *Rogers* v. *Abbott*, the appellant sought to recover land through a judicial sale. The judgment, notice of sale and sheriff's deed, by mistake, did not describe the land intended to be sold and sought to be recovered, but a different parcel ; and the appellant sought to correct these mistakes, and to recover the land. It was held that these mistakes could not be corrected.

In *Miller* v. *Kolb*, the appellee had executed two mortgages, in each of which the land intended to be mortgaged was misdescribed. The mortgages were foreclosed and the property purchased by the appellant at sheriff's sale. The

erroneous description was carried into the judgment, order of sale, notice and sheriff's deed, and the action was brought to correct the mistake in the description of the premises in such proceedings. It was held that such correction could not be made. In *Angle* v. *Speer* the same question arose, and was decided in the same way.

These cases establish the proposition, that when an incorrect description of lands intended to be embraced in a mortgage is carried into the judgment, order of sale, notice and sheriff's deed, such proceedings can not be corrected either at the instance of the mortgagee or the purchaser at such sale, but they do not decide that such mistake can not be corrected by reforming the mortgage and foreclosing it as reformed. No one of these cases was an action to reform and foreclose the mortgage, nor was such question raised or decided. Each was an action to recover the land through such proceedings, and to make them available it was sought to correct the mistakes. The appellant does not seek to recover the property, nor to correct the mistake in such foreclosure proceedings; but, ignoring such proceedings, he seeks to reform and foreclose his mortgage. This he may do unless its previous foreclosure prevents him. Such foreclosure was by the erroneous description—was, in fact, upon a different parcel of land, one that was not, in fact, mortgaged nor intended to be mortgaged, and was therefore a mere nullity. The mortgage, as reformed, is a different instrument, embraces a different parcel of land, and one against which no foreclosure has been had. The judgment of foreclosure upon the land described did not adjudge that the land in dispute was not mortgaged by such instrument, and omitted therefrom by mistake, and, therefore, "the question of description" is not *res adjudicata*, nor does such judgment form any obstacle to the reformation and foreclosure of the mortgage. This view is not unsupported by authority.

In the case of *Davenport* v. *Sovil*, 6 Ohio St. 459, the latter, during his life, executed to the former a mortgage upon the north-east quarter of a certain section of land, and, by mistake, described it as the north-west quarter of said section. The mortgage was foreclosed by such erroneous description, and the land was purchased by and conveyed to the mortgagee. Afterward the mortgagee brought an action against the widow and heirs of the mortgagor to correct the mistake in the mortgage, and to enforce the same as reformed. This was resisted on the ground that the mortgage was merged in the judgment, and that the sale of the land described in the mortgage satisfied the debt. The court said: "Here was a total mistake in the description of the land intended to be mortgaged. The mortgage was intended to embrace premises which the mortgagor did own, but, by mutual mistake, it described only a parcel of land which the mortgagor never did own, and to which he never had, or pretended to have any claim. * * Let the mortgage be reformed, and made to conform to the intention of the parties. How then stands the case? The reformed mortgage is not merged in any decree, for there is no decree for the sale of any premises described in the mortgage, as corrected and reformed. The decree may be satisfied, at least *pro tanto*, to the amount of the sale; but the decree was based on the mistaken, and not the true, mortgage; the sale was of land not embraced in the true mortgage; no money, or other valuable thing was ever received by the plaintiff; the whole proceeding is infected by the original mistake, and is, therefore, baseless, unsubstantial, and nugatory. * * We are of opinion, therefore, that the decree and sale under the mistaken mortgage, constitute no just obstacle to the plaintiff's relief; especially as he will, by the record of this case, be forever estopped from claiming any title to the premises purchased under the decree."

In *Strang* v. *Beach*, 11 Ohio St. 283, Nickles executed a mortgage to Beach, and by mistake misdescribed the land. The mortgage was foreclosed by such description, and Beach became the purchaser. Afterward Strang sued Nickles, attached the land, and obtained an order to sell it as the property of Nickles. In an action by Strang to remove the cloud created by Beach's mortgage, the latter filed a cross petition to reform and enforce his mortgage against the land, and it was held that the facts stated entitled Beach to a reformation of his mortgage against the mortgagor and Strang, his creditor.

In the case of *State Bank*, etc., v. *Abbott*, 20 Wis. 599, a similar question arose, and was decided in the same way. A mortgage was foreclosed, without making the mortgagor's vendee a party, and was bid off by the assignee of the mortgagee for the full amount of the claim. An action was then brought to foreclose the mortgage against such vendee, and the court held that such action could be maintained, saying that the foreclosure proceedings in the former action "were nugatory and fruitless," and added: "A party may not be allowed to proceed vexatiously; but if, through mistake or the want of proper parties, the first action proves ineffectual, we know of no rule which will prevent the institution of a second, provided the plaintiff pays his own costs in the first."

These cases, it seems to us, are decisive of the question under discussion, and as they are in consonance with our sense of justice, we feel like following them. The appellant, by his purchase, took nothing, and as he can not correct the proceedings and thus recover the land, if he can not reform and foreclose his mortgage, he is without remedy, having lost his claim by an inadvertent mistake. This result should not be allowed unless the inexorable rules of law require it. They do not, and, therefore, he is entitled to the relief sought.

For these reasons the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things reversed, at the costs of the appellees Anthony W. and Nancy Mericles, with instructions to sustain the demurrer to the second and third paragraphs of each answer to the counter-claim, and for further proceedings.