Filed Sept. 20, 1884.

---

97   163
126   279
97   163
151    87

No. 11,251.

LANMAN ET AL. *v.* CROOKER.

DEED.—*Mortgage.—Description.—Evidence.—Real Estate, Action to Recover.*—
  A. executed a mortgage to B. upon a certain parcel of land therein described as " The west half of the northeast quarter of section nineteen, township thirty-seven north, of range five east, except twenty acres from

the northeast corner of said above described tract of land, formerly deeded to Wm. Davis and Emeline Ann Davis," in Elkhart county, and, .upon a decree of foreclosure, purchased the same and took possession of the north sixty acres of the west half of said quarter section. Afterwards twenty acres out of the northeast corner of said tract was, by successive deeds, conveyed from A. to C., and in an action by him against B. to recover possession of said twenty acres, the mortgage made by A. to B., a deed from A. to Amelia Davis for twenty acres off the south end of the west half of said quarter section, and parol testimony to show that no other portion of said land had been conveyed, were admissible in evidence for the purpose of showing that the twenty acres excepted from said mortgage was not in the northeast corner of said land, but was off the south end.

From the Elkhart Circuit Court.

*G. W. Best* and *J. M. Vanfleet,* for appellants.

*H. D. Wilson* and *W. J. Davis,* for appellee.

BEST, C.—The appellee brought this action to recover twenty acres of land, in a square form, out of the northeast corner of the west half of the southeast quarter of section nineteen, township thirty-seven north, of range five east, Elkhart county.

The cause was tried by a jury, a verdict returned for the appellee, and judgment rendered accordingly. A motion for a new trial, on the ground that the court erred in excluding the appellant's evidence, and in charging the jury to find for the appellee, was overruled, and this ruling is assigned as error.

Both parties claim the land in dispute through Harriet Schutt, who, on and before August 1st, 1866, owned the entire west half of said quarter section.

The appellee claims through a deed made by her and her husband to John Squires on the 6th day of December, 1873.

The appellants claim through a mortgage made by her and her husband on the 1st day of July, 1868, upon the entire west half of said quarter except twenty acres.

The dispute is whether the land excepted from the mortgage is the land sought to be recovered. If it is the appellee is entitled to recover, and if it isn't the appellants are en-

titled to recover. This question depends upon the proper construction of the description contained in the mortgage.

The appellee read in evidence the deed from Harriet Schutt and husband to John Squires, and several deeds constituting a regular chain of title from Squires to him. This made for him, as is conceded, a *prima facie* case.

The appellants then offered to read in evidence the mortgage from Harriet Schutt and husband for the west half of said land except twenty acres thus described : " The west half of the southeast quarter of section nineteen, in township thirty-seven north, range five east, except twenty acres from the northeast corner of said above described tract of land, formerly deeded to Wm. Davis and Emeline Ann Davis."

It was agreed that this mortgage had been duly foreclosed, the land sold upon the decree to the mortgagee, and a sheriff's deed executed by him to one of the appellants, all by such description.

The appellants also offered to read in evidence a deed from Harriet Schutt and husband to Amelia Davis, dated August 29th, 1866, for twenty acres of land off the south end of the west half of said quarter section.

They also offered parol testimony to show that when said deed was made Amelia Davis was the wife of William Davis, and that no part of said land had ever been deeded to Wm. Davis and Emeline Ann Davis.

All this evidence was excluded, and the jury was instructed to return a verdict for the appellee.

Did this evidence tend to establish a defence? If it tended to show that the " twenty acres " excepted from the mortgage is not the twenty acres in dispute, then this land was included in the mortgage, and the title is not in the appellee.

The mortgage embraced the entire west half of the quarter section except twenty acres. These are described as " twenty acres from the northeast corner, * * formerly deeded to Wm. Davis and Emeline Ann Davis." This description contains two calls—one as land in the " northeast corner," and the

other as land "formerly deeded to Wm. Davis and Emeline Ann Davis." If this land was never deeded, as stated, then both calls are not correct descriptions, one or the other is false, and if one is true and the other false, the false must be rejected and the description read as though it did not contain the false call. *Worthington* v. *Hyler,* 4 Mass. 196 ; *Wuesthoff* v. *Seymour,* 22 N. J. Eq. 66 ; *Piper* v. *True,* 36 Cal. 606.

The first call can not be said to be false unless the second is true and is different from the first. The falsity of the first is not shown by the language of the description itself, but this may be shown by evidence *aliunde.* *Harris* v. *Doe,* 4 Blackf. 369 ; *Symmes* v. *Brown,* 13 Ind. 318.

This rule applies to property described in a sheriff's deed. *Abbott* v. *Abbott,* 51 Me. 575 ; *Lodge* v. *Barnett,* 46 Pa. St. 477·

It also applies to the description of property acquired through a judicial sale. *Hedge* v. *Sims,* 29 Ind. 574 ; *Allen* v. *Shannon,* 74 Ind. 164 ; *Rucker* v. *Steelman,* 73 Ind. 396 ; *Willson* v. *Brown,* 82 Ind. 471.

This rule does not apply where a misdescription runs through such proceedings as in *Rogers* v. *Abbott,* 37 Ind. 138, *Miller* v. *Kolb,* 47 Ind. 220, and *Angle* v. *Speer,* 66 Ind. 488, but does apply where the description is merely ambiguous, and hence applies in this case.

The deed offered in evidence showed that twenty acres of this land had formerly been deeded to Amelia Davis. This conveyance corresponds with the description except the names. In this respect there is a variance, but this variance does not, as we think, vitiate the description and render it inapplicable to this land. Without the names the description shows that twenty acres of the land had been formerly deeded, and this conveyance satisfies the description, in the absence of proof that some other conveyance had been made to these persons.

In *Getchell* v. *Whittemore,* 72 Maine, 393, a similar question arose. The defendant executed a mortgage upon certain real estate, except a lot which was described as having been conveyed to him by Roswell Hitchcock. Roswell Hitchcock had

not conveyed the lot to him, but Urban L. Hitchcock had, and it was held that though the name was different, this fact did not vitiate the description, and that the same applied to the lot actually conveyed.

In *Abbott* v. *Abbott, supra,* the land conveyed was described " as surveyed by Israel Johnson and Isaac Boynton." They had not surveyed the land, but one Harvey had, and the court held that though the names were different, it was a question of fact whether the Harvey line was not intended.

No greater variance exists in this case than in the above cases. After dropping the names an equally sufficient description remains, and this description applies to the land embraced in the conveyance.

Whether it was so intended depends upon the proper construction of the description in the light of the attending circumstances. These may be shown, as has been said, by extrinsic evidence; it may be shown that the twenty acres formerly deeded was off the south end, and not out of the northeast corner. " Thus, if the premises are bounded by land of A. on the *north,* and A.'s land is on the *south,* it may be proved that it was intended as the *southern* boundary. *White* v. *Eagan,* 2 Bay, (S. C.) 247. So, if bounded on ' Broad River,' it may be proved that ' Catawba River ' was intended. *Middleton* v. *Perry,* 2 Bay, 539." *Abbott* v. *Abbott, supra.*

The evidence excluded tends to show that no other land was " formerly deeded," and hence tends to show that the excepted land was not in the northeast corner.

If no other land was deeded, we have two conflicting descriptions, one describing twenty acres in the northeast corner, and the other twenty acres off the south end. One or the other must be rejected, as obviously both were not intended. The rule in such cases is to apply the description to the land actually owned, and to adopt such construction as best comports with the manifest intention of the parties and the circumstances of the case. *Drew* v. *Drew,* 8 Foster, 487 ; *Piper* v. *True, supra ; Bell* v. *Sawyer,* 32 N. H. 72.

Applying this rule, in the light of the facts, the excluded evidence tended to prove, we think it manifest, that these parties intended to except twenty acres off the south end. The mortgage embraced the entire west half except twenty acres; the mortgagors owned the entire west half except twenty acres; they excepted twenty acres formerly deeded; the twenty acres formerly deeded were off the south end, and it is, therefore, apparent that they intended to except such twenty acres. This conclusion is also strengthened by the presumption that they intended to mortgage their own land, and not the land of another.

As the evidence excluded tended to show that the second call was true and the first false, the first may be rejected without impairing the description. *Worthington* v. *Hyler, supra ; Ousby* v. *Jones,* 73 N. Y. 621.

The fact that the twenty acres in the northeast corner had not been " formerly deeded " created a latent ambiguity, and as the evidence offered tended to remove it, the court erred in excluding it.

The judgment should, therefore, be reversed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment be reversed, at the appellee's costs, with instructions to grant a new trial.

Filed March 12, 1884.

## On Petition for a Rehearing.

Elliott, C. J.—We have for the second time carefully investigated the questions in this case, and have found no reason to change our former opinion.

The question is whether the excluded evidence was competent; its weight and effect were matters for the jury. The evidence did tend to defeat the appellee's claim of title, and was competent. *Nave* v. *Flack,* 90 Ind. 205 (46 Am. R. 205); *Harbor* v. *Morgan,* 4 Ind. 158.

We do not think that there was any attempt to correct a description against a subsequent purchaser, for there are two

calls in the mortgage, the one correct, the other incorrect, and all that is done by the former opinion is to declare that in such a case it is proper to reject the incorrect and accept the correct description. The instrument of title was of record, and gave notice of the two descriptions, and thus put a purchaser upon inquiry as to the true one. It is not the case of an entirely erroneous description.

The evidence offered should have been admitted, and this is the only point here involved.

Petition overruled.

Filed Oct. 11, 1884.