Barrett *v.* Choen *et al.*

No. 14,177.

## BARRETT *v.* CHOEN ET AL.

DECEDENTS' ESTATES.—*Sale of Real Estate.*—*Cord-Wood and Growing Crops.* —*Rights of Heirs.*—The purchaser of real estate at an administrator's sale acquires no title to cord-wood situate thereon, nor to growing crops sowed by the heirs of the decedent, or their tenants, after the decedent's death.

SAME.—*Reservation of Crops.*—*Administrator's Statement at Sale.*—A statement made by an administrator, at a sale of real estate, that the crops thereon are not reserved, can not prejudice the rights of the heirs in crops sowed by them or their tenants.

SAME.—*Parties.*—*Judgment.*—Persons who are made parties, as heirs, to a proceeding by an administrator to sell real estate, are only affected by the judgment in their capacity as heirs.

From the Cass Circuit Court.

*T. S. Rollins, J. M. Justice* and *C. E. Barrett,* for appellant.

BERKSHIRE, J.—The facts of the case, as found in the record, are about these : Charles G. Choen departed this life in Cass county, Indiana, on November 23d, 1883, intestate, leaving the appellees Cohens as his only legal heirs (Susan Choen being his widow), and seized of the following real estate in said county : All of that part of the southwest quarter of section 8, town. 26, range 1 east, that is south of the Southwestern Railroad, except three small pieces carved out of it. Charles G. Choen died intestate, and George W. Flannagan became his administrator. The appellees Dickerson, Donaldson and Mooney were tenants of the Choens. The administrator filed his petition to sell the said real estate to pay debts, in the Cass Circuit Court, and such proceedings were had that he obtained an order to sell the same, and on the 23d day of June, 1887, he sold it to the appellant, and on the same day, by order of the court, executed to him a deed therefor.

At the time the deed was executed there was a large quantity of wood on the land, in the cord, and crops, consisting of corn, wheat and oats, growing on the land, the same having been sowed and planted, and were being cultivated, by the said tenants.

It appears that the Choens, without permission from the appellant, entered upon the real estate and removed therefrom a portion of the cord-wood, and were threatening to remove the remainder; that they were claiming the said growing crops, had entered upon said real estate and cut the wheat, and were threatening to remove the same, and had notified said tenants that the landlord's share of said crops should be paid to them.

The question presented for decision is, to whom do the wood and crops belong—the appellant or the appellees Choens?

The record does not inform us when the petition to sell was filed, whether before or after the crops were sowed and planted. In this state of the record, the presumption must be that the petition was filed afterwards. We are not, therefore, called on to decide what the effect would be had the petition been filed before.

Upon the death of their ancestor the title to the real estate vested at once in the heirs, subject to an equitable lien in favor of creditors in case the personal estate proved insufficient to pay the indebtedness. *Moncrief* v. *Moncrief*, 73 Ind. 587; *Miller* v. *Buell*, 92 Ind. 482.

The proceedings under the petition, including the order of sale, were, in effect, a foreclosure of the equitable lien resting upon the real estate. The order of the court was necessarily confined to the real estate; the court had no jurisdiction, in the proceedings referred to, to order the sale of personal property or to determine any question involving personal property, and had it done so its action would have been *coram non judice* and therefore void. R. S. 1881, sections 2336, 2346. The appellant could only acquire title through

his purchase and deed, for that was all that was involved in the proceedings and order to sell. *Rogers* v. *Abbott*, 37 Ind. 138; *Lewis* v. *Owen*, 64 Ind. 446; *Angle* v. *Speer*, 66 Ind. 488; *Runnels* v. *Kaylor*, 95 Ind. 503. The crops in question were personal property. *Lindley* v. *Kelley*, 42 Ind. 294; *Northern* v. *State, ex rel.*, 1 Ind. 113; *Harvey* v. *Million*, 67 Ind. 90. To whom did they belong? To the Choens, necessarily; they were growing upon their lands, had been sowed, planted and cultivated by their tenants.

There is no element of estoppel in the case. It is true that the fact appears that the administrator stated at the sale that there had been no reservation of the crops, but his statement could not prejudice the appellees. Besides, this was a judicial sale, and the rule *caveat emptor* applied. *Martin* v. *Beasley*, 49 Ind. 280; *Henderson* v. *Whitinger*, 56 Ind. 131. The appellees were parties to the proceedings to sell, but they were only parties in their capacity as heirs. The proceedings could only affect them as heirs. *Compton* v. *Pruitt*, 88 Ind. 171; *Elliott* v. *Frakes*, 71 Ind. 412; *Unfried* v. *Heberer*, 63 Ind. 67. The court made no order to sell the crops, but if it had, its order, for the reasons already given, would have been void. We can imagine no legal reason for the appellant's claim to the cord-wood or crops. In a legal sense he had no more right to the wood or crops than he had to any other personal property belonging to the appellees.

The judgment is affirmed, with costs.

Filed Feb. 2, 1889.

## On Petition for a Rehearing.

Berkshire, J.—In the preparation of the original opinion the fact that the record disclosed the date at which the petition to sell was filed was overlooked. The record shows the petition to have been filed on December 24th, 1884; that fact, however, will not alter the conclusion announced in the original opinion. The original order to sell the real estate

Barrett *v.* Choen *et al.*

was made October —, 1885, and was for a public sale; on the 2d day of May, 1886, the order was changed to an order for a private sale.

The property was sold and conveyed June 27th, 1887. At that time the crops over which the controversy arose were growing on the land, but had no existence at the date of the decedent's death. This was a fact of which the purchaser was bound to take notice, and it should not have been overlooked by the administrator when he had the real estate appraised. Ordinarily, as between vendor and vendee, growing crops pass with the freehold and as a part of the freehold, but this only applies as to growing crops which belong to the vendor. Growing crops belonging to somebody else do not pass. The vendor can not pass the title to that which does not belong to him. This is a proposition too plain to require the citation of authorities.

The purchaser at the administrator's sale acquired title to the freehold, and to whatever belonged to it at the time of his purchase, but he acquired nothing more. The appellees were not the vendors of the purchaser; he acquired his title from the decedent through the administrator.

The appellees sowed, planted and cultivated the crops in controversy, and during the time were rightfully in possession of the real estate, and had the right to cultivate it. The crops were therefore no part of the freehold, but personal property belonging to the appellees. Under the circumstances, the appellant had no interest in the crops or claim upon them.

The petition is overruled, with costs.

Filed May 9, 1889.