PHILIP ALTES

*v.*

CHARLES HINCKLER *et al.*

36  265
135  207

36  265
161  496

1.  TAX DEED — *will not be corrected by court of chancery.*  When a sheriff, in selling land for non-payment of taxes, has neglected to affix a seal to his deed, a court of chancery will not correct the error.

2.  TAX TITLE.  A tax title is a purely technical, as contra-distinguished from a meritorious, title, and depends, for its validity, upon a strict compliance with the statute.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a bill in chancery filed by the plaintiff in error, against the defendants in error, for the purpose of correcting a tax deed by affixing to it a seal.  The defendants demurred, and the cause was heard on demurrer, and the bill dismissed.  The complainant sued out a writ of error, and the record was brought to the Second Grand Division by agreement.

Mr. H. K. S. O'MELVENY, for the Plaintiff in Error.

1.  The suit is simply to correct a mistake of an officer, and to give the instrument the force of a deed against those having notice of the mistake, defendants Hinckler and Abbott.

2.  It is within the jurisdiction of a court of equity to correct mistakes made in the drawing up of instruments, and no reason is sound which draws a distinction in relation to a tax sale, which would not apply to all other subjects.  3 Scam. 264; 4 Scam. 13 ; 1 Gilm. 26, 166.

3.  The demurrer admits all the averments and charges in the bill, of notice.  Under the averments of the bill, Hinckler and Abbott were not warranted in their purchase.

Mr. W. H. UNDERWOOD, for the Defendants in Error.

1.  Plaintiff in error had a right to two new trials under the

17 — 36 ILL.

30th and 31st sections of the ejectment law, besides new trials at common law.   *Emmons* v. *Bishop*, 14 Ill. 152.

Absence of principal attorney is no cause for a new trial in such cases.   *Walker* v. *Armour*, 22 Ill. 658.

The plaintiff in error had ample opportunity to defend his case at law if he had color of title, and equity will not relieve in such cases.   *Coughton* v. *Swift*, 18 Ill. 414 ; *Ross* v. *Buckman*, 13 Ind. 58 ; *Bank* v. *Stanton*, 2 Gilm. 352.

2.   But the paper, as a conveyance, was void on its face, for one officer purports to convey and another signs the deed ; and it was without seal, and therefore no color of title.   *McBride* v. *Watt*, 23 Ill. 510, 511 ; *Powell* v. *Harmon*, 2 Peters, 241 ; *Moore* v. *Brown*, 11 How. U. S. R. 415.

3.   If the deed was perfected it would not relate backwards. *McBride* v. *Watt*, 23 Ill. 507, 512.   Statutes of limitation are not construed in this manner.   *Rinehardt* v. *Schuyler*, 2 Gilm. 512 ; *Bruce* v. *Schuyler*, 4 Gilm. 279 ;  11 Ill. 55.

4.   The bill does not aver that there was a valid judgment, precept and notice of the tax sale.   *Furnen* v. *Williams*, 11 Ill. 238 ; *Spellman* v. *Curtenius*, 12 Ill. 409 ; *Dukes* v. *Rowley*, 24 Ill. 221.

5.   A court of equity will not aid in putting a cloud upon the title of one in possession of land, without showing a right in the claimant to such color of title.   *Young* v. *Dowling*, 15 Ill. 483, etc. ; *Douglas* v. *Dangerfield*, 10 Ohio, 154 ; *People, etc.*, v. *Mayor*, 10 Wend. 395.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

The only question presented by this record is, whether a court of chancery will interfere to correct an error of the sheriff, in neglecting to affix his seal to a deed made by him, of land sold for taxes.   The power of the court to correct past mistakes of officers, if it exist at all, is one always to be exercised with much circumspection, lest the rights of innocent third persons may be jeopardized, and an application of this particular character presents but slight claims to favor.   While

we have properly given to our limitation laws a liberal construction, and recognized every species of tax deed, as, in itself, the foundation of an adverse possession, yet this court, at least since its re-organization under the present constitution, has applied to tax sales and deeds, when offered as paramount title, the same rigid rules that have been almost universally adopted by other courts in reference to sales of that description. A tax title, if a title at all, is so, *stricti juris.* It is a purely technical, as contra-distinguished from a meritorious, title, and depends for its validity upon a strict compliance with the statute. Objections which, in regard to sales of a different character, would be overlooked, are here held valid. And this strictness rests upon a substantial reason, as exemplified in the record before us. The instrument to which we are asked to affix a seal, purports to convey one hundred acres of land, for a consideration of four dollars and seventy cents. In comparison with the probable value of the land, this consideration is so grossly inadequate that it can hardly be called valuable. This same inadequacy pervades all tax sales, and hence the propriety of the rigid rules by which their validity is tested. It would be extraordinary, if, after a title of this kind had been held worthless in a court of law, the holder could turn round and cure its defects by applying to a court of equity. He has no standing in a court of equity — not because he has done anything at all censurable in purchasing at a tax sale, but because, in making the purchase, he has paid what the court, when asked to decree the title out of the former owner, can hardly regard as a valuable consideration. True, he was under no obligation to pay more, but at the same time, in purchasing at that price, he should understand that he is not in a position to ask anything further from the courts, than that they will give him the land, upon his showing a sale and deed made in conformity with the requirements of the law. If he fail in this, assuredly a court of chancery will not aid him.

*Decree affirmed.*