## THOMAS C. HARTSHORN

*v.*

## JOHN L. DAWSON.

1. EJECTMENT—*claiming title from a common source.* The attorney of the plaintiff in an ejectment suit stated, under oath, that he was acquainted with the title to the land in controversy, as it appeared of record; that both plaintiff and defendant claimed title from the same common source, stating what it was; and that he also knew this from conversation with the parties, and, on cross-examination, said that his only knowledge was derived from the records and what the defendant said when he purchased; that he had held no recent conversation with him on the subject, and did not know what he might then claim: *Held,* that in the absence of any statement on oath that the defendant claimed under another or different source of title, this statement was sufficient to entitle the plaintiff to show title from such common source.

2. A party purchasing a particular claim to property, and placing a deed therefor on record, is presumed to claim in accordance with that purchase and deed; and in the absence of evidence of another or differ-ent claim, another person acquainted with such purchase and the con-tents of such deed, may well swear that he knows the nature of his claim.

3. ACKNOWLEDGMENT—*supplying words to fill blanks in a certificate.* Whilst it is true that the court can not supply words to fill a blank in a cer-tificate of acknowledgment to sustain a deed, the converse of that doctrine, which is just as unquestionable law, prohibits the supplying of words to fill the blank to defeat the deed.

4. SAME—*sufficiency.* In this case, the certificate of the officer taking the acknowledgment of the deed was, "that on this day personally ap-

peared before me A. P. Henkins and Elizabeth Henkins, his wife, whose names appear subscribed to the foregoing deed of conveyance as having executed the same, who —— personally known to me to be the real persons who, and in whose name the acknowledgment is proposed to be made, and acknowledged the execution thereof as their voluntary act and deed, and for the uses and purposes therein expressed:" *Held*, that the certificate was in substance sufficient, and the deed was properly admitted in evidence.

APPEAL from the Circuit Court of Livingston county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Mr. L. E. PAYSON, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

˙ This appeal is prosecuted to reverse a judgment of the court below, in ejectment, in an action brought by appellee against appellant and one John Breese, for certain lands in Livingston county.

The first objection taken to the proceedings in the court below is, that appellee was permitted to show title from what was claimed by him to be a common source with the defendants, without having first shown by sufficient evidence that he and they claimed title through a common source.

The 25th section of chapter 45, entitled Ejectment, Revised Statutes of 1874, p. 445, is: "If the plaintiff, or his agent or attorney, will state on oath, upon the trial, that he claims title through a common source with the defendant, it shall be sufficient for him to show title from such common source, unless the defendant, or his agent or attorney, will deny, on oath, that he claims title through such source, or will swear that he claims title through some other source."

On the trial, S. S. Lawrence, being sworn, stated he was attorney for the plaintiff; that he was acquainted with the title to the lands in controversy, as it appeared of record; that both plaintiff and defendants claimed title from the same common source, stating what it was; and that he also

knew this from conversation with the parties. On being cross-examined, he stated his only knowledge was derived from the records, and what appellant said when he purchased; that he had held no recent conversation with him on the subject. and did not know what he might then claim.

We are of opinion this was sufficient. The section must have a reasonable construction, and it can not be required that a party, to avail of its benefit, must be able to positively state that he knows the secret thoughts of his adversary at the time he makes the oath. A party purchasing a particular claim to property, and placing a deed therefor on record, is presumed to claim in accordance with that purchase and deed; and in the absence of evidence of any other or different claim, another person, acquainted with such purchase and the contents of such deed, might well swear that he knew the nature of his claim.

If appellant, in fact, claimed under another or different source of title, it was only necessary that he should have so stated on oath, when appellee would have been compelled to go behind that source of title. Not having done so, he has no cause to complain that appellee was permitted to commence with his evidence where he did.

The only other objection insisted on is, that the court improperly permitted the deed from A. P. Henkins and wife to appellee, bearing date June 10, 1871, to be read in evidence, because of the insufficiency of the certificate of acknowledgment.

So much of the certificate as is necessary to comprehend the objection is as follows:

"STATE OF ILLINOIS, }
    *Stark County.*   } ss.   I, Harmon Phenix, police magistrate for the town of Bradford, in said county, do hereby certify that on this day personally appeared before me A. P. Henkins and Elizabeth Henkins, his wife, whose names appear subscribed to the foregoing deed of conveyance as having executed the same, who ———— personally known to me

to be the real persons who, and in whose name the acknowledgment is proposed to be made, and acknowledged the execution thereof as their voluntary act and deed, and for the uses and purposes therein expressed."

The supposed defect in the certificate is in the omission of the verb " are " after the relative " who," and this is claimed on the authority of *Tully* v. *Davis*, 30 Ill. 103. In that case the word " known " was omitted, and it was held the omission was fatal. The reason was that it was necessary that the certificate should show that the person acknowledging the deed was known to the officer taking the acknowledgment, and the court was not authorized to presume that substantial requirements of the statute had been complied with, any further than the certificate affirmatively showed. But is the omission here material? Suppose the word " who," as well as the word " are," had been omitted; would it not, in that event, have been just as plain that A. P. Henkins and Elizabeth Henkins, his wife, were personally known to the officer taking the acknowledgment, as if those words had been used? The reading then would have been: " I do hereby certify, that on this day personally appeared before me A. P. Henkins and Elizabeth Henkins, his wife, whose names appear subscribed to the foregoing deed of conveyance as having executed the same, personally known to me to be the real persons," etc. This form is in common use, and is unquestionably sufficient. It is not possible that any one with a reasonable acquaintance with the language. reading such a certificate, could doubt whether the person acknowledging the instrument was known to the officer taking the acknowledgment to be the person he professed to be. Why, then, shall we say the mere addition of the word "who," still omitting the word " are," makes the certificate less perfect? The meaning is still no less obvious. It is clear that " who " relates, for its antecedent, to A. P. Henkins and Elizabeth Henkins, his wife ; and, awkward and ungrammatical as is the sentence without supplying " are " between the

words " who " and " known," it is equally clear that the persons " personally known," etc., are those who are represented by the word "who." In other words, the certificate shows that *some persons* were personally known to the officer taking the acknowledgment; those persons are represented by the relative " who," and it can, from the connection in which it occurs, represent none others than A. P. Henkins and Elizabeth Henkins, his wife. Hence, upon the doctrine contended for by appellant, that we can not supply words to fill the blank to sustain the deed, the certificate is sufficient; for the converse of that doctrine, which is just as unobjectionable law, prohibits us from supplying words to fill the blank to defeat it. Assuming the certificate as it is, to be just what it was intended it should be by the officer making it, and giving a rational interpretation to his language, it is, in substance, sufficient, and the court did not err in admitting the deed in evidence. Breese does not appeal, and whether, therefore, the rulings of the court below are proper, so far as they affected him, it is unnecessary to inquire. He alone is authorized to question them.

We see no cause to disturb the judgment below, and it is therefore affirmed.

*Judgment affirmed.*