## The Cairo and St. Louis Railroad Company

*v.*

## James A. Parrott.

1. ALTERATION *in deed—properly explained.* Where an alteration is made in the description of land in a deed before the execution and delivery of the deed, it will be valid; and in this case the evidence was deemed sufficient to establish that fact.

2. ACKNOWLEDGMENT OF DEED—*sufficiency of certificate.* Three persons joined in the execution of a deed, and because the officer who took the acknowledgment used the word "is" instead of "are," in referring to the "persons" who executed the deed, it was objected that the certificate was defective, but it was held sufficient.

3. EJECTMENT—*affidavit as to common source of title.* The plaintiff in an action of ejectment, in an affidavit of common source of title, stated that "the said defendant claims title to the said premises in question in this suit from William Parrott, and that plaintiff claims title to the said premises from said William Parrott and John Parrott, brothers of the said plaintiff, the two titles being from a common source." This was held to be sufficient, as showing that both parties did claim title from a common source, namely, from William Parrott.

APPEAL from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

This was an action of ejectment, and was brought by James A. Parrott to recover a tract of land claimed by plaintiff in fee, and averred to be unlawfully withheld by defendant, the Cairo and St. Louis Railroad Company. On the first trial the jury found for plaintiff, but a new trial was granted to defendant under the statute. On the second trial the cause was submitted to the court without the intervention of a jury, and the court found plaintiff was owner in fee of the premises described in the declaration, and that defendant was guilty of withholding the same. From the judgment rendered defendant prosecutes its appeal to this court.

Plaintiff offered in evidence a deed from John Parrott, and William D. Parrott, and Martha, his wife, grantors, to James A. Parrott, grantee, purporting to convey the south-east quar-

ter of the south-west quarter of section 4, etc. Attached to this deed was the following certificate of acknowledgment:

"State of Illinois, } ss.
    *Alexander County.* }

I, Thomas Martain, a justice of the peace in and for the aforesaid county, do hereby certify that John Parrott, William D. Parrott, and Martha Parrott, wife of William D. Parrott, who *is* personally known to me as the same persons whose *name* are subscribed to the foregoing deed, appeared before me this day, in person, and acknowledged that they signed, sealed and delivered the said deed as their free and voluntary act and deed, for the uses and purposes therein set forth. And the said Martha Parrott, wife of the said William D. Parrott, having been by me examined separate and apart, out of the hearing of her husband, and the contents and meaning of the said deed having been by me made known and explained to her, and she also by me being fully informed of her rights under the homestead laws of the State of Illinois, acknowledged that she had freely and voluntarily executed the same, and relinquished her dower to the lands and tenements therein mentioned, and all her rights and advantages under and by virtue of all laws of this State relating to the exemption of homesteads, without compulsion of her said husband, and that she does not wish to retract the same.

"Given under my hand and seal this 5th day of February, A. D. 1874.

            Thomas Martain, J. P.  [seal.]"

The deed showed upon its face the description in the deed had been changed from the south-east of the *north*-west, as originally written, to the south-east of the *south*-west.

In respect to this alteration plaintiff testified: "This deed was written by Thomas Martain, and was in my possession until I delivered it to my attorney; have not had it in my possession since; no one altered or changed it while in my possession; Martain gave me the deed; grantors were present when he gave it to me; grantors signed it and gave it back to

Martain, and after it was signed Martain gave it to me; did not see how deed was first written; did not see Martain make any change in it after or before it was signed; he took it from grantors after they signed it; I received the deed from him; I know nothing about any alteration of the word ' north' to ' south.' "

Defendant objected to the admission of the deed in evidence: 1st, because of such alteration, which the court, upon inspection, however, could see was in the same ink and same handwriting as the other portions of the deed; 2d, because the acknowledgment to the deed was defective in failing to show all the grantors were personally known to the officer taking the acknowledgment.    The deed was admitted, and exception taken.

Plaintiff then offered the following affidavit as to common source of title:

"James A. Parrott, the above named plaintiff, being duly sworn, on oath states that the said defendant claims title to the said premises in question in this suit from William Parrott, and that plaintiff claims title to the said premises from said William Parrott and John Parrott, brothers of the said plaintiff (affiant), the two titles being from a common source.

JAMES A. PARROTT.

"Subscribed and sworn to before me, this 25th day of January, 1877.

JOHN A. REEVE."

Messrs. GREEN & GILBERT, for the appellant:

The alteration in the deed was not sufficiently explained. *The People, use, etc.* v. *Organ et al.* 27 Ill. 27.

The certificate of acknowledgment was defective. *Tully* v. *Davis*, 30 Ill. 103; *Gove* v. *Cather*, 23 id. 624.

Messrs. LINEGAR & LANSDEN, for the appellee, in respect to the sufficiency of the certificate of acknowledgment, cited *Hartshorn* v. *Dawson*, 79 Ill. 108.

Mr. Justice Scott delivered the opinion of the Court:

It is said the deed under which plaintiff claims title to the premises in controversy was inadmissible in evidence, because of the alleged alteration that was said to appear on the face of the deed. The word "south" is written over the word "north," in the description of the land conveyed, and it is that which is said to invalidate the deed.

It is quite clear, from the evidence, that the alleged alteration in the description of the land was made before the deed was executed and delivered to the grantee. The writing was evidently done at the same time, by the same person, and with the same ink, and the proof is convincing that no change was made in the description of the land after the deed was delivered. Of course, if the erasure was made and the new description was written before the deed was executed and delivered, it is valid, and there is no reasonable doubt, under the evidence, that such was the fact.

Three persons joined in the execution of the deed, and because the officer who took the acknowledgment used the word "is" instead of "are" in referring to the "persons" who executed the deed, it is said the officer's certificate is defective. We do not think so. It is plain, from the context, what word was intended, and the words employed leave no shadow of doubt on the mind that all the persons signing the deed were personally known to the officer acting. *Hartshorn* v. *Dawson*, 79 Ill. 108.

Objection is taken to the affidavit designed to show that both parties claim title to the land involved in this litigation from a "common source." It is stated in the affidavit that both parties claim the title to the land that was in William Parrott, but because plaintiff may also claim title from John Parrott it is none the less true that both parties claim title from a common source, viz: from William Parrott. The allegation is, both titles are from a common source, setting forth what that source is, and that we think is sufficient.

The judgment is warranted by the law and the evidence, and must be affirmed, which is done.

*Judgment affirmed.*