## MARGARET M. CHAPPELL

*v.*

## SAMUEL SPIRE *et al.*

*Filed at Ottawa May 10, 1883.*

1. TAX TITLE—*of the notice required to be given by the purchaser—by whom to be served—and upon whom.* A notice of a purchase at tax sale, addressed only to the then present owner of the land, and served upon him alone, is insufficient to authorize a sheriff's deed upon the certificate of purchase, where it is shown that the land was taxed for the year for which it was sold, in the name of another, and that others were in occupancy of the same at and before the service of the notice.

2. An affidavit showing the service of notice of the purchase of land for taxes, etc., on the proper parties, which also shows that such notice was served before the assignee giving the same had procured an assignment of the certificate of purchase, is not sufficient. Service of the notice by a person who, at some time afterward, becomes an assignee, is not sufficient to authorize a sheriff's deed.

3. It is made by law an express prerequisite and condition precedent to the execution of any tax deed, that the required notice shall be served by the purchaser or his assignee upon the person in whose name the taxes were assessed, and upon all persons in possession of the premises. A tax title depends for its validity upon a strict compliance with the statute.

4. HOMESTEAD—*as against purchaser under judgment.* Proof of the existence of facts sufficient to show a right of homestead on the trial of an action of ejectment by the purchaser of the premises under execution, at a date subsequent to that of the judgment, is not a defence to the action. To avail against the sheriff's deed the homestead right must have existed at the time the judgment became a lien.

APPEAL from the Circuit Court of Kane county; the Hon. CHARLES KELLUM, Judge, presiding.

Mr. FRANK CROSBY, for the appellant.

Mr. R. N. BOTSFORD, and Mr. A. B. COON, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, brought by John Spire, against Margaret M. Chappell and others, to recover possession of certain premises situate in Elgin, in Kane county. It was admitted that on and prior to February 25, 1875, George W. Renwick was the owner in fee of the premises. On that day Spire recovered a judgment in the circuit court of Kane county against Renwick for $2428.25, and under an execution sale upon that judgment a sheriff's deed of the premises was made to Spire on May 9, 1877, which made a *prima facie* title in Spire. On March 10, 1875, Renwick made a deed for the premises to Benjamin Burritt, who, on the same day, executed a deed therefor to Catharine Renwick, wife of George W. Renwick.

The defendant's claim of title was under a tax deed for the premises, made under a tax sale thereof for the taxes of 1875. The tax deed, bearing date July 3, 1878, was made to defendant, Margaret M. Chappell, as assignee, from Benjamin Burritt, of the tax sale certificate. To show the required notice of the purchase at tax sale, the defendants gave in evidence a written notice, signed by B. Burritt, and addressed to John Spire, of the purchase by Burritt, on June 19, 1876, of the premises "assessed in the name of G. W. Renwick, now owned by John Spire, for the sum of $21.40, tax and costs, and that the time of redemption will expire on the 19th day of June, 1878. The sale was for the tax levied for the year 1875." Also, an affidavit of Burritt of the service of the notice by him on Spire on February 7, 1878. This notice is insufficient, in its being served upon the owner of the premises only, and not upon the occupants, as also upon

the person in whose name the premises were taxed. The evidence showed that they were taxed in the name of Mrs. George W. Renwick.

The last clause of section 5, article 9, of the constitution of 1870, upon this subject, requires: "And the General Assembly shall provide by law for reasonable notice to be given to the owners or parties interested, by publication or otherwise, of the fact of the sale of the property for such taxes or assessments, and when the time of redemption shall expire: *Provided*, that occupants shall in all cases be served with personal notice before the time of redemption expires." It is the statutory provision, (Rev. Stat. 1874, p. 893, sec. 216,) "hereafter no purchaser, or assignee of such purchaser, of any land, town or city lot, at any sale of lands or lots for taxes or special assessments due, * * * shall be entitled to a deed for the lands or lots so purchased until the following conditions have been complied with, to-wit: Such purchaser or assignee shall serve, or cause to be served, a written or printed, or partly written and partly printed, notice of such purchase on every person in actual possession or occupancy of such land or lot, and also the person in whose name the same was taxed or specially assessed, * * * in which notice he shall state when he purchased the land or lot, in whose name taxed," etc.

Defendants further put in evidence an affidavit of Margaret M. Chappell, made by the name of "Maggie M. Chappell," dated July 3, 1878, stating that B. Burritt, on June 19, 1876, at tax sale, bought the premises; that he assigned his certificate of purchase to the affiant, and that affiant, on February 11, 1878, caused to be served a written notice of such purchase upon George W. Renwick and Mrs. George W. Renwick, the only persons then in actual possession or occupancy of said premises, and also upon Mrs. George W. Renwick, the person in whose name the same were taxed. This affidavit of notice supplies the defects named in the notice which

was served by Burritt, but, so far as appears from the evidence, this second notice was served by a person who, at the time of the service, was an entire stranger, not in any way connected with or having any interest in the premises, or such tax sale, or tax certificate of purchase. The tax certificate of purchase by Burritt bears upon it the assignment thereof by Burritt to Margaret M. Chappell, made on April 8, 1878, so that the service of notice by Margaret M. Chappell, on February 11, 1878, was not by the purchaser at the tax sale or his assignee, as she did not become such assignee until April 8, 1878. Although the affidavit of Mrs. Chappell, made July 3, 1878, states Burritt assigned the certificate of purchase to her, it does not mention at what time. It is made by law, as we have seen, an express prerequisite and a condition precedent to the execution of any tax deed, that the required notice shall be served, or caused to be served, by the purchaser at the tax sale or his assignee. The requisite notice here was not served by the purchaser, nor by his assignee, at the time of service. Service of the notice by a person who at some time afterwards became such assignee, we do not regard as sufficient. A tax title depends for its validity upon a strict compliance with the statute. (*Altes* v. *Hinckler*, 36 Ill. 265.) In this respect of notice the tax deed fails to make title.

There is some claim of a homestead right set up in the premises. All the record shows in this respect is, that on June 19, 1876, the date of the tax sale, George W. Renwick and his wife, two co-defendants with Margaret M. Chappell, their daughter, were living together with her, as one family, upon the premises in controversy. But that was not evidence of such a condition at a prior time, on February 25, 1875, when the judgment was obtained and became a lien upon the premises. There must have been the existence of the homestead right at that time,—the time when the judgment became a lien,—to make the homestead right of avail

against the sheriff's deed under the judgment. There is no evidence of a homestead right at that time.

We think the judgment was right, upon the evidence, and it is affirmed.

*Judgment affirmed.*