Callahan v. Davis.

CALLAHAN v. DAVIS *et al.*, *Appellants.*

1. **Public Lands** : LEGAL TITLE : RELATION. A quit-claim deed made by one having a certificate of entry on public land, but prior to the grant of the United States patent to him, will, after the granting of the patent to him, be held to have passed the legal title as of the date of the entry.

2. **Ejectment** : PARTY IN POSSESSION : STATUTE. In an action of ejectment where there is a party in actual possession, he must be made a defendant, and 2 Wagner's Statutes, section 222, page 1207, giving a right of action to recover possession against persons putting tax deeds on record whether in actual possession or not, only applies where the land is vacant.

3. **Tax Deed Void on its Face** : LIMITATION. Where a tax deed is void on its face it will not set in motion the three years statute of limitation although the purchaser takes and holds possession under it. *Mason v. Crowder*, 85 Mo. 532.

*Appeal from Nodaway Circuit Court.*—HON H. S. KELLEY, Judge.

REVERSED.

*Johnston & Anthony* for appellants.

(1) The entry of the land by Thompson was simply a contract between him and the United States government by which the land was segregated from the public domain and which the United States agreed to convey to Thompson by its patent. Thompson held a contract

to convey in the shape of a certificate of purchase which constituted him the equitable owner of the land until the United States should specifically perform its contract to convey by investing him with the legal title and ownership through its patent; until which time the legal title remained in the government in trust for him. *Carman v. Johnson*, 20 Mo 108, 110; *Witherspoon v. Duncan*, 4 Wall. [U. S.] 210, 218; *Bloodworth v. Lake*, 33 Cal. 255. (2) Thompson quit-claimed his interest to Turpin while the legal title was still in the United States. But, by his purchase and the quit-claim from Thompson, Turpin became possessed of Thompson's equity in the land. But the quit-claim deed of Thompson was not sufficient to cause the after acquired legal title that was vested in him by the patent, to inure to Turpin or his grantee, Ford, but remains in Thompson the same as it would have remained in the United States had no patent as yet been, issued. *Rogy v. Shoab*, 13 Mo. 365, 380; *Valle v. Clements,* 18 Mo. 486, *et seq.; R. S.,* of Mo. 1879, sec. 3940; *Bloodworth v. Lake, supra; Wilson Leo v. Inloe,* 11 Gil. & John. 351, 358; *Kemmel v. Benna,* 70 Mo. 52; *Henderson v. Dickey,* 50 Mo. 161; *Hooper v. Sheimer,* 23 How. [U. S.] 235. (3) Neither Turpin nor his assignees ever had a title in legal contemplation, or that is cognizable at all in a court of law. Plaintiff's forum is a court of equity. *Williams v. Carpenter,* 28 Mo. 453; s. c., 35 Mo. 52; *Hooper v. Sheimer,* 23 How. 235; *Gibson v. Chouteau,* 13 Wall. 102; *Fenn v. Holme,* 21 How. 481; *Gilmer v. Poindexter,* 10 How. 257; *Eaton v. Smith,* 19 Wis. side p. 537; *Norfleet v. Russell et al.,* 64 Mo. 176, 178; *Collins v. Brannin,* 1 Mo. side p. 540; *Ford v. French,* 72 Mo. 250; *McCool v. Smith,* 1 Black [U. S.] 459, 471; *Johnston v. Jones,* 1 Black [U. S.] 210, 224. (4) Plaintiff cannot recover without showing the defendants or some one of them in poss ion of the premises claimed at the commencement of the action. "The

action shall be prosecuted in the real name of the parties thereto, and shall be brought against the person in possession of the premises claimed." R. S., secs. 2243, 2247 ; *Clarkson v. Stanchfield*, 57 Mo. 573 ; *Lockwood v. Drake*, 1 Mich. 14 ; *Simms v. Bledsoe*, 53 Mo. 305; *Sutton v. Casseleggi*, 77 Mo. 397, 407, 408 ; *Durick v. Deringer*, 32 Cal. 488, 491. "Ejectment tries the strength of legal right of possession, and title is only incidentally drawn in question." *Dum v. Miller*, 8 Mo. App. 467, 471-2. (5) Plaintiff cannot recover when it is shown that a stranger to the action was in actual possession at the commencement of the action under an unexpired lease from the grantor of defendants. R. S., sec. 2247. (6) Damages by way of rents and profits cannot be assessed in an action of ejectment against a defendant not in possession at the commencement of the action. *Smith v. Bensen,* 9 Vt. 139; s. c., 31 Am. Dec. 614.

*Edwards & Ellison* for respondent.

(1) Instructions numbered one and two, given at plaintiff's instance correctly declared the legal effect of the title deeds offered in evidence by plaintiff. R. S., sec. 2161. (2) Under the law in force in 1872, under which the assessment was made for taxes levied in 1873 and 1874, the land should have been listed in the owner's name, if known. 2 W. S., p. 1167, secs. 47, 48, 49 ; *Hubbard v. Gilpin*, 57 Mo. 441 ; *Hume v. Wainscott*, 46 Mo. 145 ; *Abbott v. Lindenbower*, 42 Mo. 162. (3) Plaintiff was properly permitted to offer evidence to destroy the validity of the tax deed. 2 W. S., p. 1206, sec. 219. This he did by introducing the "judgment book" required to be made out by the county clerk. (4) The judgment offered in evidence by defendants is not in the form prescribed by law, is found in the general records of the county court and is accompanied

with no list of lands. It does not describe the land in controversy or any other land. (5) Plaintiff showed that Alonzo Thompson entered the land February 10, 1857. The patent issued to him December 15, 1858. He made a quit-claim deed of the land to Henry Turpin April 18, 1857. The entry of the land is one in the same series of acts which culminated in the issuance of the patent. The legal title acquired by the patent was the same title and none other than that acquired by the entry. Thompson, therefore, when he received the patent, did not acquire another title, but merely perfected the series of acts, of which the entry was one, which gave him the perfect legal title. The quit-claim deed, therefore, operated to pass the legal title of Thompson acquired under the patent. *Crowley v. Wallace,* 12 Mo. 143 ; *Landes v. Perkins,* 12 Mo. 239. (See this case as decided in *Landes v. Brandt,* 10 How. [U. S.] 368, 418) ; *Stark v. Barrett,* 15 Cal. 361 ; *Tonchard v. Crow,* 20 Cal. 150 ; *Porter v. Mariner,* 50 Mo. 364; *Gibson v. Chouteau,* 39 Mo. 538 ; *Fenn v. Holme,* 21 How. [U. S.] 481 ; *Leach v. Koenig,* 55 Mo. 451 ; 3 Wash. on Real Estate, 276 ; *Winn v. Cole,* Walker's Rep. [Miss.] 119. (6) The defendants cannot now repudiate the tax deed and say they do not claim under it. The fact that it was recorded is deemed sufficient to enable plaintiff to maintain ejectment against defendants claiming under the grantees in said tax deed. 2 W. S., p. 1207, sec. 222 ; R. S., sec. 6852 ; *Hull v. Kricke,* 11 Wis. 465; *Gunnison v. Haehere,* 18 Wis. 281; Cooley on Taxation, 379. The tax deed from P. J. Keeler, collector, to Talbott & Morehouse, conveys no title at law. The firm name is not a sufficient naming of the grantees in a deed to pass the legal title. *Arthur v. Weston,* 22 Mo. 378.

BLACK, J.—The plaintiff commenced this action of

ejectment in May, 1881, against William, Patrick, John, and Thomas Davis for the possession of the southwest one-fourth of section 13, and the east one-half of the southeast one-fourth of section 14, all in township 63, range 35, Nodaway county. The answer is a general denial.

The plaintiff offered the following evidence:

1.    Certified plat of the original entry of the land, showing that it was entered at a United States land office by Alonzo Thompson, on the tenth of February, 1857.

2.    Quit-claim deed from Thompson to Henry Turpin, dated April 18, 1857.

3.    Patent from United States to Thompson, dated December 15, 1858.

4.    Deed from Turpin to Ford and others, made in 1858.

5.    Deed from a part of the last named grantees to plaintiff conveying $\frac{209}{243}$ of the land. ·

6.    Oral evidence which will be noticed further on.

The defendants put in evidence a tax deed to Talbott & Morehouse, dated January 24, 1879, which recites a tax judgment against these two parcels of land, but it only purports to convey one of them ; also, a quit-claim deed from Morehouse to Talbott containing a like description, and a deed from the executrix of the estate of Talbott to the defendants to the land in dispute, dated in October, 1880.    The land had been in the possession of Talbott several years before the date of the tax deed, but under what title does not appear.

1.    It will be seen Thompson conveyed the land to Turpin by a quit-claim deed after he had entered it, and before he received the patent, and the contention is that this deed did not convey the after acquired title, so that Turpin only got an equity, and that the plaintiff cannot maintain this suit at law on that title.    Thompson, by his certificate of entry, got an imperfect title, one upon

which, by the laws of this state, he could have maintained an action of ejectment for the land against any person not having a better title. R. S., 1855, sec. 2, p. 690. The patent, when issued, made that imperfect title a perfect legal one. The entry and the patent were all several acts necessary to make a complete title, and are to have relation back to the act which created the equitable title. *Landis v. Brant*, 10 How. [U. S.] 372; *Touchard v. Crow*, 20 Cal. 160. This doctrine of relation will be applied as between the person thus acquiring the title by the successive acts, and those who acquire an interest in the land from him—between him and those holding under him. Though it is a fiction of law, yet it will be resorted to when the ends of justice require it and rights of third persons do not intervene. *Gibson v. Chouteau*, 13 Wall. 98; *Ford v. French*, 72 Mo. 250. Applying the doctrine to the present case, and the patent will take effect as a grant from the date of the entry and protect the intermediate purchaser. The quit-claim deed, therefore, passed the legal title to Turpin.

2. From the evidence offered by the plaintiff it appears that the defendants were not in the possession of the premises when this suit was begun, and did not get possession for more than six months thereafter. Carroll, who was never made a defendant, was in actual possession under a lease from Talbott, though it would seem, at the end of his lease, he paid the rents to the defendants. On this evidence the court, sitting as a jury, in effect, instructed that the plaintiff to recover must show that some one of the defendants was in possession at the commencement of the suit, unless defendants claimed the premises under the tax title put in evidence. On these instructions the finding was for the plaintiff. The statute with respect to actions of ejectment is clear and distinct. It provides: "The action shall be prosecuted in the real names of the parties thereto, and shall be brought against the person in pos-

session of the premises claimed." Sec. 2243. "To en-
title the plaintiff to recover, it shall be sufficient for him
to show that, at the time of the commencement of the
action, the defendant was in possession of the premises,"
etc. Sec. 2247. It has always been held that the
person in possession is the person who must be sued,
and, when denied, possession by the defendant must be
proved. *Bledsoe v. Simms*, 53 Mo. 305; *Clarkson v.
Stanchfield*, 57 Mo. 573. Though the landlord may, on
motion, be made a defendant, yet the suit must be
against the actual occupant. *Sutton v. Casseleggi*, 77
Mo. 407. It is very clear this suit cannot be maintained
against these defendants, unless the right to do so is given
by section 222, 2 Wagner Statutes, p. 1207. That sec-
tion is as follows : "Any person hereafter putting a
tax deed on record in the proper county shall be deemed
to have set up such a title to the land described therein
as shall enable the party claiming to own the same land,
to maintain an action for the recovery of the possession
thereof against the grantee in the deed, or any person
claiming under him, whether such grantee or person is
in actual possession of the land or not."

This section is to be construed with the preceding
one, which provides that any suit against the tax pur-
chaser for the recovery of the lands sold for taxes shall
be commenced within three years from the time of re-
cording the tax deed. The purpose of the section in
question is to give to the holder of the tax title, when
the property is vacant, or not in the actual possession of
any one, such a constructive possession that he may be
sued by the adverse claimant. But how could there be
a constructive possession as against an actual possession ?
If the tax title claimant, out of possession, be sued, and
there be an actual occupant, not made a defendant, the
judgment could not affect the possession or right of posses-
sion of the occupant. The writ of restitution would as
to him avail nothing and he could not be disturbed by it.

The judgment in such a case, if for plaintiff, would be a futile affair, and the courts are not bound to indulge parties litigant in such luxuries. Where the defendant has no actual or constructive possession, but the actual possession is in another, it is difficult to see how, under our statute, with respect to possessory actions, there can be maintained against him "an action for the recoveryof the possession."

It may be added, we hold that a tax deed void on its face will not set in motion the three-year limitation, though the purchaser takes and holds possession under it. *Mason v. Crowder*, 85 Mo. 532. It is not claimed in this court that the tax deed is of any validity, though such a claim must have been made in the lower court. For a failure to sue the proper parties as the evidence now stands, the cause is reversed and it will be remanded, to the end that plaintiff can make the proper proof, or he can dismiss and commence his suit against the person in possession.

Reversed and remanded. Norton, J., dissents. The other judges concur.