CALLAHAN v. DAVIS *et al.*, *Appellants.*

DIVISION TWO.

1. **Land**: SEIZIN : POSSESSION OF PART OF TRACT. W here one takes possession of part of a tract of land under a deed or other muniment of title to the whole tract, he is deemed to have seizin of the land coextensive with the boundaries stated in such instrument, where there is no open adverse possession of any part of the land by any other person.

2. ———— : TAX DEED : EJECTMENT : STATUTE. Section 222, 2 Wagner's Statutes, page 1207, giving a right of action to recover possession of land against persons placing tax deeds on record, whether in actual possession or not, only applies where the land is vacant.

3. ———— : ———— : ———— : ————. Such statute does not apply where the land is in the actual possession of a third person.

*Appeal from Nodaway Circuit Court.*—S. R. BEECH, ESQ., Special Judge.

REVERSED AND REMANDED

*Johnston & Craig* for appellants.

(1) The defendants not being in possession at the commencement of this suit, but the land being at the time in the possession of James Carroll, the finding and judgment of the court were erroneous. *Bledsoe v. Simms*, 53 Mo. 305; *Clarkson v. Stanchfield*, 57 Mo. 573; *Sutton v. Casseleggi*, 77 Mo. 407; *Callahan v. Davis*, 90 Mo. 83; *Shaver v. McGraw*, 12 Wend. 558. (2) The finding of the court is against the evidence and the weight of the evidence.

*William Ellison* for respondent.

1   Plaintiff proved the legal title to all the land for the possession of which he obtained judgment. (2) The instructions given by the court were proper.

GANTT, P. J.—This is an action of ejectment. As originally commenced, on May 28, 1881, respondent claimed the possession of one hundred and sixty acres, west half, southwest quarter, section 13, and east half southeast quarter, section 14, township 63, range 35, in Nodaway county. The case was tried and resulted in a judgment for respondent, from which an appeal was taken to this court, and the judgment reversed at the October term, 1886. *Callahan v. Davis*, 90 Mo. 78.

At the June term, 1887, of the Nodaway circuit court plaintiff filed an amended petition, in the statutory form for ejectment, to recover the east half of the southeast quarter of section 14, township 63, range 35, excepting a portion of thirty-five acres that had been occupied by one Carroll, at the commencement of this action. The answer was a general denial. Jury was waived and judgment for respondent.

On the trial the evidence was uncontradicted, that at the commencement of the original suit the defendants were not in the actual possession of any portion of the one hundred and sixty acres described in the first petition.

To show constructive possession in appellants, however, the respondent introduced a tax deed, dated January 24, 1879, from the treasurer and *ex-officio* collector of revenue of Nodaway county, P. J. Keeler, to Perry H. Talbott and A. P. Morehouse, to all the said one hundred and sixty acres, which had been duly recorded. Respondent then read in evidence a quitclaim deed from Morehouse to Talbott, dated November 4, 1879. Next the will of Perry H. Talbott, duly probated, appointing Mrs. Belle Talbott, his widow, his executrix, with power to sell the land, and then a deed from Mrs. Belle Talbott as executrix to defendants below, or appellants here, of date, February 17, 1881.

Respondent claimed the right to maintain the ejectment, by virtue of section 222, 2 Wagner's Statutes,

1872, page 1207, and the recording of said tax deed. The appellants denied such constructive possession of the land, and claimed the statute then in force did not raise such constructive possession in them while Carroll was in the actual possession under a lease from Mrs. Talbott prior to their deed from her. Respondent also offered evidence to prove the tax deed was void.

When this cause was here before, it was ruled on the case then made, that the defendants were not in possession of the premises when the suit was begun, and that the constructive possession would not avail against the actual possession of Carroll. In the case now made, it is sought to avoid that difficulty by dismissing as to the thirty-five-acre tract, and offering evidence to show that Carroll *only occupied the thirty-five acres.*

Appellants, however, claim that there is not a scintilla of evidence that they were in possession of any portion of the land or made any claim to any portion of it until six months after the suit began. The evidence shows that Mrs. Talbott, prior to conveying the lands to defendant Davis, made a written lease of the one hundred and sixty acres to Carroll, the term to commence December 1, 1880, and end December 1, 1881. There is some dispute as to the terms of the lease in some particulars as it has been lost since the first trial, but we think it would be going entirely too far to ignore the testimony of Mrs. Talbott, of Carroll and Davis, and the recital in the first bill of exceptions, and say there was not a lease of the whole one hundred and sixty acres.

Under this lease Carroll took possession of the whole. He only cultivated the thirty-five acres, but his right of possession was good to the whole. There was some rebuttal evidence tending to prove that Carroll only claimed the thirty-five acres. This conversation was after he had been notified of this suit, and he simply said he had no interest outside of the inclosure. Being a mere tenant and dependent for payment for his

improvements upon the crops he was to make, he natu-
rally declined to go forward pending the litigation.
This character of the evidence cannot destroy the writ-
ten lease.    No one acted on it.

Under this state of case :

I.   The court at the instance of the plaintiff gave
four instructions, the first of which simply declares the
effect of the deeds read in evidence through which the
plaintiff derives title ; the second declares the quantity
of land conveyed by said deeds ; and the fourth declares
that the tax deed read in evidence does not embrace
the east eighty-acre tract of the one hundred and sixty
acres leased to Carroll, and hypothecates a case in
which the tax deed would be void as to all the land.    It
is, therefore, not deemed necessary to copy them in full.

An exception was saved as to instruction, numbered
3, which is as follows, to-wit:  " 3.   The defendants
by claiming title to the land in controversy under the
tax deed executed by P. J. Keeler as collector of Noda-
way county, Missouri, to Talbott and Morehouse, dated
January 24, 1879, and recorded January 25, 1879, are
deemed to set up such title to the land described in
said deed as to enable plaintiff claiming to own part
of said land, if the land was not in actual possession of
James Carroll at the commencement of this suit, to
maintain this action against defendant claiming under
the grantees in said tax deed, for the recovery of the
possession of plaintiff's said part of said land, whether
defendants were at the commencement of this suit in
the actual possession of said land described in said deed
or not."

II.   Defendants asked the court to declare the law
of the case as follows, which the court refused and
defendants saved their exceptions, to-wit :

" 1.   On the part of the defendants the court
declares the law to be, that, if in the fall of 1880 Mrs.
Belle Talbott as executrix of the last will and testament

of P. H. Talbott, deceased, leased the west half of south-west quarter of section 13 and east half of southeast quarter of section 14, township 63, range 35, to one James Carroll for the term of one year, and that in pursuance to such lease said James Carroll took possession of a part of said tract for the purpose of cultivating the same and to reduce the whole, or so much of said tract as he could during the year 1881, to cultivation, and that said lease covered the whole tract of one hundred and sixty acres, then Carroll's possession covered the whole tract, and the defendants were not in possession, by implication or construction; and if this suit was instituted against these defendants while Carroll was in such possession, under said lease, then plaintiff cannot recover, unless the court further find that after Carroll so entered and before this suit was commenced the said defendants, or some of them, actually took possession of said land or some part thereof."

III. The court of its own motion gave the following instruction on behalf of defendants to which defendants objected and saved exception, to-wit: "1. On the part of the defendants the court declares the law to be, that, if in the fall of 1880, Mrs. Belle Talbott as executrix of the last will and testament of P. H. Talbott, deceased, leased the west half of southwest quarter of section 13, and the east half of southeast quarter of section 14, township 63, range 35, to one James Carroll for the term of one year, and that in pursuance to such lease said Carroll took possession thereof for the purpose of cultivating a part of the same, and to reduce the whole, or so much of said tract as he could during the year 1881, to cultivation, and that said lease covered the whole tract of one hundred and sixty acres, then Carroll's possession covered the whole tract and the defendants were not in possession by implication or construction; and, if this suit was instituted against these defendants while Carroll was in such possession under

Callahan v. Davis.

said lease then plaintiff cannot recover unless the court further find that after Carroll so entered and before this suit was commenced the said defendants, or some of them, actually took possession of said land or some part thereof."

The court then found in favor of the plaintiff for two hundred and three to two hundred and forty-three acres of that part of the east half of southeast quarter, section 14, township 63, range 35, claimed in the petition. Whereupon the defendants filed their motion for a new trial, assigning the following reasons therefor:

*First.* That the finding of the court is against the evidence and the weight of the evidence.

*Second.* The finding of the court is against the law of the case.

*Third.* The court erred in giving instructions numbered 1, 2, 3 and 4, on behalf of plaintiff.

*Fourth.* The court erred in refusing the instruction, offered by the defendants, and in giving instruction, numbered 1, of its own motion.

Which motion was overruled, and defendants excepted and bring the case here by appeal.

When this cause was here before, Judge BLACK, in discussing section 222, 2 Wagner's Statutes, page 1207, said: "This section is to be construed with the preceding one. * * * The purpose of the section in question is to give to the holder of the tax title, when the property is vacant, or not in the actual possession of anyone, such a constructive possession, that he may be sued by the adverse claimant. But how could there be a constructive possession as against an actual possession? * * * Where the defendant has no actual or constructive possession, but the actual possession is in another, it is difficult to see how, under our statute with respect to possessory actions, there can be maintained against him 'an action for the recovery of the possession.'" 90 Mo. 78; R. S. 1889, sec. 4629.

Vol. 103—29

The trial court, and the learned counsel who represents the respondent here, construe the words "actual possession" in their most literal sense. Indeed, the court below must have so construed the opinion of Judge BLACK, as to exclude altogether the idea that Carroll, by virtue of his lease from Mrs. Talbott, could have the *actual possession* of any of said one hundred and sixty acres except that portion that was inclosed and in cultivation. We cannot approve this view of the law.

It has long been settled that, where a person enters possession of a part of a tract under a deed or other muniment of title to the whole tract, he is deemed to have seizin of the land coextensive with the boundaries stated in his deed or other muniment, where there is no open, adverse possession of any part of the land so described in any other person. This rule had been recognized in this state long prior to the passage of the act permitting the true owner to sue the claimant under a tax deed, duly recorded. *McDonald v. Schneider*, 27 Mo. 405 ; *Fugate v. Pierce*, 49 Mo. 441.

When this action was commenced, then Carroll was such an actual occupant of the one hundred and sixty acres, that an ejectment could have been maintained against him. His lease covered the whole tract ; he was living on and cultivating the thirty-five acres inclosed in the fences ; he had dug the wells on the outside lands, and no court would have hesitated to have said he was in possession had the suit been commenced against him. This being true then, there is no room for the presumptive possession in the defendants growing out of their tax title. We are satisfied that this court properly construed section 222, 2 Wagner's Statutes, page 1207, when the case was here before, and nothing said in that opinion was intended as an intimation that Carroll was not an actual occupant of the whole tract of one hundred and sixty acres.

It is apparent to us that the learned judge who tried this cause took the view that Carroll must have fenced

Chicago, M. & St. P. Ry. Co. v. Randolph Town-Site Co.

or cultivated the remainder of the one hundred and sixty acres outside of the inclosure to be considered as an actual occupant, and we so construe his action, in giving the instruction he gave of his own motion, and the refusal to give defendants' instruction, and in this he erred.

But if we have misunderstood the court as to the construction we have placed upon the declarations of law, and the learned judge did not mean to require any further evidence of possession than a lease conveying the whole one hundred and sixty acres, and an actual possession of a part thereof under the lease, but found as a fact there was no such lease, then we think his finding is wholly unsupported by the evidence, and a new trial should be awarded on that ground also.

For the refusal to give defendants' instruction, numbered 1, as prayed and in modifying it as the court did, in the one given of its own motion, the cause is reversed and remanded. All the judges of this division concur.