## HORSWILL V. FARNHAM.

1. A tax deed, from which the statutory recital that the tax had been duly assessed and properly charged on the tax book and duplicate for the year of the assessment was entirely omitted, was void on its face.

2. The limitation of three years against an action to recover land conveyed for nonpayment of taxes, after the recording of the tax deed, does not run in favor of a deed void on its face.

3. In an action to recover real property, where both parties claim title through a common source, it is not necessary to trace the title from the United States, nor enquire into the title of the common grantor.

5. Where a husband executed a deed to certain land in question to indemnify the grantee as indorser of a draft drawn by the husband, and thereafter, on the wife's indemnifying such grantee for the amount paid, he executed a deed of the land to her, which recited that the deed was given as indemnity to the grantee for the payment of the draft described, such deed to the wife did not convey title to her as against a deed by both husband and wife to another previously executed.

(Opinion filed December 31, 1902.)

Appeal from circuit court, Hamlin county. Hon. JULIAN BENNETT, Judge.

Action by Rosevta J. Horswill against Emma B. Farnham, to quiet title. From a judgment in favor of plaintiff, and from

an order overruling defendant's motion for a new trial, she appeals.    Affirmed.

*S. B. VanBuskirk*, for appellant.

*J. B. Hanten* and *Aubrey Lawrence*, for respondent.

FULLER, J.    In this action between rival claimants of real property the defendant appeals from a judgment of the circuit court quieting in plaintiff the title to the premises described in the complaint, and from an order overruling a motion for a new trial.    On the 6th day of September, 1889, appellant and her husband conveyed the premises, which consist of the S. ½ of section 25, township 115 N., of range 53 W., to Willard L. Eaton. who thereafter conveyed to the grantor of respondent by quitclaim deed dated March 12, 1900. In support of her claim of ownership appellant introduced in evidence a quitclaim deed dated March 21, 1900, executed by O. E. Dewey, who held the southeast quarter of the section under a tax deed, and the judgment appealed from is conditioned upon the reimbursement of appellant for all moneys expended by her grantor in the procurement of such deed and the subsequent payment of taxes.    From the tax deed the statutory expression, "and had been duly assessed and properly charged on the tax book or duplicate for the year * * *" (of the assessment) was entirely omitted, and for that reason such deed was rightfully held to be void upon its face.   Rector & Wilhelmy Co. v. Maloney (S. D.) 88 N. W. 575.

The provision of the statute limiting the time of commencing an action for the recovery of land conveyed for the nonpayment of taxes to three years after recording the tax deed does not run in favor of such deed when void upon its face,   Salmer v. Lathrop, 10 S. D. 216, 72 N. W. 570.

Appellant also claims title to the entire tract in dispute through a deed executed by her husband, F. F. Coffin, on the 25th day of August, 1889, to William H. Donaldson, but the evidence conclusively shows that this instrument was given as a mortgage to indemnify Donaldson for indorsing a draft for which he became liable in the sum of $300. This draft was drawn August 26, 1889, and on the 18th day of October immediately following appellant paid, on behalf of her husband, the amount thus secured, and, in the nature of a release, obtained a quitclaim deed to the premises from Donaldson, containing the following recital: This deed is given as indemnity to said second party for the payment of a draft drawn by F. F. Coffin on himself at Osage, Iowa, and indorsed by W. H. Donaldson, the said first party, on the 25th day of August, 1889, which was protested." From the pleadings, and from the undisputed evidence as well, it is clear that both parties claim title through F. F. Coffin, and this brings the case within the rule that, where both parties claim from a common source, it is not necessary to trace the title from the United States, nor inquire into the title of such common grantor. Grandy v. Casey, 93 Mo. 595, 6 S. W. 376; Ebersole v. Rankin (Mo.) 15 S. W. 422; 2 Ballard, Law Real Prop. 542; Hartshorn v. Dawson, 79 Ill. 108; Spect v. Gregg, 51 Cal. 198; Cronin v. Gore, 38 Mich. 381. In the case of Smith v. Lindsey, 89 Mo. 76, 1 S. W. 88, it is even held that plaintiff may call upon the defendant to show a common source of title, and the court say: "It is sufficient for plaintiff to show prior possession as owner, either in himself or grantor; and, if it shall appear that defendant holds under the common grantor, it is unnecessary to go farther; the title of the common grantor is acknowledged,

and so far the rule that plaintiff must recover on the strength of his own title is departed from. As against some unknown person, the title of both may be worthless, the common grantor not being the true owner; but as between the two parties we have only to inquire which one acquires the title of the grantor, whatever that might have been."

For the foregoing reasons and upon the record respondent is entitled to the relief granted by the circuit court. That there were no errors of law occurring at the trial we are convinced from a studious examination of every point urged by counsel for appellant, and the judgment appealed from is affirmed.