## BATELLE v. KNIGHT et al.

A tax deed issued in pursuance of a tax sale held in 1892 for delinquent taxes for 1891, which recites that the land sold was the least quantity that would sell for the amount due for taxes, costs, and charges, is void on its face.

Limitations do not run in favor of a recorded tax deed void on its face.

Where a tax deed was void on its face because it recited that the land sold was the least quantity that would sell for the amount due for taxes, costs, and charges, and the court found that the land was sold for delinquent taxes for 1891, that the land was not described in the assessment books and was not listed for that year, that the land was not described in the duplicate list in the treasurer's office, nor in the tax list in the auditor's office for that year, and that the land was not advertised for sale as described in the tax deed, the court, even if it had the power to amend a tax deed, could not reform it by striking out the recital.

Equity will not reform a tax deed.

(Opinion filed, May 5, 1909.)

Appeal from Circuit Court, Hand County. Hon. LYMAN T. BOUCHER, Judge..

Action by Charles Batelle against Kate F. Knight and another. From a judgment for plaintiff and from an order denying a new trial, defendants appeal. Affirmed.

*B. A. Knight* and *J. H. Cole,* for appellant. *S. A. Keenan* (*Sterling & Clark* and *Frank Turner, of counsel*), for respondent.

CORSON, J. This was an action instituted by the plaintiff, as assignee of a mortgage executed by Riggs and his wife, who were the owners in fee of a tract of land in Hand county, to quiet the title of the plaintiff's interest in the same under the said mortgage, and to cancel certain mortgages executed by the defendant Kate F. Knight and her husband to Frank R. Brown, one of the

defendants and appellants in this action. Findings and judgment being in favor of the plaintiff, the defendants have appealed.

The complaint is in the usual form. The defendants, after certain denials and admissions, allege that on the 8th day of August, 1895, the state of South Dakota, by the treasurer of Hand county, duly executed and delivered to one F. Blackman a tax deed for the said premises, in pursuance of the tax sale held in said county on the 7th day of November, 1892, for the taxes due and delinquent on said land for the year 1891, and then proceed to set out the various tax proceedings resulting in the issuance of said deed. They further allege that while the said deed was duly and legally issued upon a printed form furnished to the State Treasurer, in which were contained, besides other and necessary terms, the words, "and which was the least quantity of the tract above described that would sell for the amount due thereon for taxes, costs, and charges as above specified," the said words are mere surplusage, and were inserted and left in said deed by mutual mistake and excusable inadvertence, and ask that the said deed be reformed in accordance with the facts and the due and legal certificate of sale issued for said taxes, or that the treasurer of said county be directed to issue a new and proper deed on said certificate, nunc pro tunc, in case the court should consider and hold that the said words in any manner invalidate the tax deed so executed. They further allege that more than three years had elapsed since the filing of said deed for record before the commencement of this action, and this action is therefore barred by the statute of limitations relating to recorded tax deeds. They further allege the conveyance of the title by said Blackman and wife to the defendant Knight, and that said defendant Knight and her husband subsequently duly executed and delivered to the defendant Brown the two mortgages referred to in the complaint, one on the 3d day of October, 1901, and the other on the 14th day of July, 1903. They further allege that the validity of said tax deed is necessarily involved in the determination of the issues presented by the pleadings herein. They further allege the payment of certain taxes by the defendant Knight, and pray for judgment for the same in case her title to the property should not be held good by the court.

They further demand judgment against the plaintiff and all claiming or to claim under him, decreeing that the pretended interest, title, and lien of plaintiff in said land is and was extinguished, and that he and they be forever barred and enjoined from setting up any title interest, lien, mortgage, or claim in said land adverse to the defendant, and that said Knight's title and defendant Brown's liens by reason of his two mortgages be held good, valid, and sufficient, and also pray for a reformation of the tax deed as hereinbefore set forth. To this answer the plaintiff interposes a reply, alleging the invalidity of the defendants' title by virtue of the tax deed and of the proceedings resulting in the said tax deed.

The case was tried to the court without a jury, and it found the facts substantially as set out in the complaint and answer and reply, and find, among other things, specifically, that "during the said year of 1891 said tract of land was not described in the assessment book containing the assessment of property; that the said tract of land was not listed for the year 1891; that the said tract of land was not described in the duplicate list in the treasurer's office for the year 1891; that said tract of land was not described in the tax list in the auditor's office of said county for the year 1891; that said tract of land was not advertised for sale as described in the said tax deed." From the findings the court concludes as a matter of law: "That the plaintiff has the first valid lien on and against said tract of land, and the whole thereof, under and by virtue of his said mortgage or trust deed, described and set out in finding of fact 'First' herein; that said tax deed is void, and conveys no title whatever; that said defendants, and each of them, have no title to the said premises, or any part thereof." The court further concludes: "That the defendant Kate F. Knight is entitled to have and recover the taxes paid by her, or her grantor, up to the date of the issuance of said tax deed, with interest thereon at the rate of 15 per cent. per annum; and to also have and recover all taxes paid by her or her grantor, subsequent to the issuance of said tax deed, with interest thereon at the rate of 7 per cent. per annum; that upon depositing said amount with the clerk of this court, within 60 days from the date hereof, plaintiff shall be entitled to have judgment entered as prayed for in his pleadings,

canceling the said mortgages given to the defendant Frank R. Brown, and also canceling said tax deed, and adjudging said plaintiff to have a first valid and subsisting lien on and against said premises in the sum of $1,081.55, being the amount due on his said mortgage or trust deed."

This court in the case of King et al v. Lane, 21 S. D. 101, 110 N. W. 37, after a full review of the authorities, held that the tax deed containing the identical clause inserted in the tax deed in controversy in this action was void on its face. A similar conclusion was reached by this court as to a tax deed in Reckitt v. Knight et al., 16 S. D. 395, 92 N. W. 1077, regarding an unauthorized recitation in a tax deed. In view of these decisions, we do not deem it necessary in this opinion to discuss or consider the validity of the tax deed in controversy in this action, as the court's conclusion holding the same void is clearly sustained by those decisions. The deed in controversy being void, it did not constitute a bar to the action, notwithstanding it had been of record for more than three years prior to the commencement of the action, as the limitations provided for by the statute relating to recorded tax deeds do not run in favor of a tax deed void upon its face. King et al. v. Lane, supra; Horswill v. Farnham, 16 S. D. 414, 92 N. W. 1082; Salmer v. Lathrop, 10 S. D. 216, 72 N. W. 570; Redfield v. Parks, 132 U. S. 239, 10 Sup. Ct. 83; Crisman v. Johnson, 23 Colo. 264, 47 Pac. 296; Hegar v. De Groat, 3 N. D. 354, 56 N. W. 150; Callahan v. Davis, 90 Mo. 78, 2 S. W. 216; Bendexen v. Fenton, 21 Neb. 184, 31 N. W. 685; Wofford v. McKinna, 23 Tex. 36; 27 Am. & Eng. Enc. of Law, 988.

It is further contended by the appellant that the court should have allowed the tax deed in this case to be amended and corrected as prayed for by the appellants. But the findings of the court are such as to preclude any amendment to the tax deed, could such an amendment be made in any case. It seems, however, to be generally held that a court of equity will not interpose its power to correct or reform a tax deed. Mr. Black, in his work on Tax Titles, § 409, says: "A tax title is a purely technical, as distinguished from a meritorious, title, and depends for its validity on a strict compliance with the statutes, and a court of equity will not inter-

fere to correct an error of the officers in making out a deed of land sold by them for taxes." Altes v. Hinckler, 36 Ill. 265, 85 Am. Dec. 406; Keepfer v. Force, 86 Ind. 81; Bowers v. Andrews, 52 Miss. 596. In Altes v. Hinckler, supra, the learned Supreme Court of Illinois, in discussing this subject, say: "It would be extraordinary if, after a title of this kind had been held worthless in a court of law, the holder could turn around and cure its defects by applying to a court of equity. He has no standing in a court of equity; not because he has done anything at all censurable in purchasing at a tax sale, but because, in making the purchase, he has paid what the court, when asked to decree the title out of the former owner, can hardly regard as a valuable consideration. True, he was under no obligation to pay more, but at the same time, in purchasing at that price, he should understand that he is not in a position to ask anything further from the courts than that they will give him the land upon his showing a sale and deed made in conformity with the requirements of the law. If he fails in this, assuredly a court of chancery will not aid him." And in Keepfer v. Force, supra, the Supreme Court of Indiana, in discussing this question, says: "A tax sale partakes of the nature of a judicial sale. It is a sale made by operation of law in which the owner of the land does not participate, and in which there can be no mutual mistake between him and the purchaser. Judicial sales as a general proposition are not subject to correction by reforming the deed. Rogers v. Abbott, 37 Ind. 138; Miller v. Kolb, 47 Id. 220."

As the court's findings are fully supported by the evidence and its conclusions of law are sustained by the findings, the judgment of the circuit court is clearly correct, and the judgment of that court and order denying a new trial are affirmed.